# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

**JOHN LARRY SANDERS and SPECIALTY FERTILIZER PRODUCTS, LLC,**

   Plaintiffs/Counterclaim Defendants,

v.

**THE MOSAIC COMPANY; CARGILL, INC.; and CARGILL FERTILIZER, INC.,**

   Defendants/Counterclaim Plaintiffs.

Civil File No. 09-00016-CV-W-JTM

## ORDER REGARDING CLAIMS CONSTRUCTION

The parties having presented their respective positions on issues regarding the proper construction of the claims of the patent-in-suit, U.S. Patent No. 6,210,459 (the '459 patent), to the Court in opening and responsive memoranda, supplemented by expert declarations, deposition transcripts, and other factual material, and by oral argument on March 17, 2010, it is hereby:

**ORDERED**:

   1. The parties having stipulated that the claim terms "soil nutrient composition" and a "composite comprising a self-sustaining body" should be construed in the same way, those terms in the phrases "soil nutrient composition comprising . . . a micronutrient" and a "composite comprising . . . a micronutrient" are construed consistent with the patent file history description of the claimed invention as relating to "high-concentration micronutrient compositions and composites." Because the parties' experts agree that "high-concentration micronutrient

compositions and composites" must include minimum micronutrient percentages by weight of about five percent, the patentee disclaimed and disavowed compositions or composites with lower micronutrient percentages. Similarly, in making arguments to the Patent and Trademark Office during the prosecution of U.S. Patent No. 6,132,485 ("'485 patent"), the parent patent to the patent-in-suit, the patentee disclaimed and disavowed micronutrient percentages lower than about five percent, in order to distinguish the claimed invention from U.S. Patent No. 5,571,303 to Bexton. The arguments made by the patentee in connection with the prosecution of the parent patent apply to claims containing similar language in the patent-in-suit.

      2.      The same terms - "soil nutrient composition" and a "composite comprising a self-sustaining body" – are also construed to be limited to non-stratified homogenous products. In making arguments to the Patent and Trademark Office to distinguish the claims of the '485 parent patent from U.S. Patent Nos. 4,334,906 to Young and 3,206,297 to O'Connor, the patentee disclaimed and disavowed fertilizer structures that were not non-stratified homogenous products. In addition, the process described in the '459 patent would result in a non-stratified, homogenous product, a fact that corroborates the conclusion that the disclaimers and disavowals made by the patentee in connection with the '485 parent patent are also applicable to the patent-in-suit.

      3.      The term "mixture," as used in claims requiring a "composite comprising a self-sustaining body formed of a mixture comprising ammonium sulfate, elemental sulfur, and a micronutrient selected from" a group of micronutrients, refers to a mixture of those listed elements: ammonium sulfate, elemental sulfur, and at least one micronutrient.

                      */s/ John T. Maughmer*
                        **JOHN T. MAUGHMER**
                        **U. S. MAGISTRATE JUDGE**