IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| John Larry Sanders, an individual and Specialty Fertilizer Products, LLC, an Ohio Limited Liability Company,<br><br>   Plaintiffs,<br><br> v.<br><br>The Mosaic Company, a Delaware corporation, Cargill, Inc., a Delaware corporation, and Cargill Fertilizer, Inc., a Delaware corporation,<br><br>   Defendants. | Civil No. 4:09-CV-00016-JTM |

**PLAINTIFFS' SUGGESTIONS IN SUPPORT OF THEIR MOTION TO STAY THE LITIGATION PENDING REEXAMINATION OF THE PATENT-IN-SUIT**

Scott R. Brown, Mo. Bar #51733
Jennifer C. Bailey, Mo. Bar #53574
Matthew B. Walters, Mo. Bar #59812
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647–9050
F: (913) 647–9057
E-Mail: srb@hoveywilliams.com
E-Mail: jcb@hoveywilliams.com
E-Mail: mbw@hoveywilliams.com

John M. Collins, Mo. Bar #24503
HOVEY WILLIAMS LLP
12796 N. SeaCliff Place
Oro Valley, Arizona 85755
T: (913) 647-9050
F: (913) 647-9057
E-Mail: jmc@hoveywilliams.com

ATTORNEYS FOR PLAINTIFFS
JOHN LARRY SANDERS AND
 SPECIALTY FERTILIZER PRODUCTS, LLC

# TABLE OF CONTENTS

I. INTRODUCTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTUAL BACKGROUND... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Patent Reexamination Allows the Validity of Patent Claims to Be
       Reassessed by the Patent Office after A Patent Issues... . . . . . . . . . . . . . . . . . . . . . . . . 5

    B. The Court Has the Inherent Power to Stay Litigation
       Pending Reexamination.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C. The Three Factors Considered in Determining Whether to Issue a Stay Strongly
       Militate in Favor of Staying This Litigation Pending Reexamination.. . . . . . . . . . . . . 7

        1. *Substantial Discovery Remains to be Conducted
           and a Trial Date has Not Yet Been Reset..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        2. *With a Stay the Court Will Benefit From the Patent
           Office's Expert Analysis of the Prior Art Defendants and
           Shell Contend Render the Asserted Claims Invalid, Which
           Will Greatly Simplify Issues For Trial..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        3. *Defendants Will Not Suffer Any Undue Prejudice
           If a Stay is Granted..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V. ORAL ARGUMENT REQUESTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

### Cases

*1st Tech. LLC v. Digital Gaming Solutions S.A.*
No. 08-cv-586, 2010 WL 883657 (E.D. Mo. Mar. 5, 2010). . . . . . . . . . . . . . . . . . . . . . . 6, 8, 10, 12

*Alza Corp. v. Wyeth*
No. 06-cv-156, 2006 WL 3500015 (E.D. Tex. Nov. 21, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Constellation IP, LLC v. The Allstate Corp.*
No. 07-cv-132, 2008 WL 4787625 (E.D. Tex. May 12, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Datatreasury Corp. v. Wells Fargo & Co.*
490 F.Supp.2d 749 (E.D. Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ethicon, Inc. v. Quigg*
849 F.2d 1422 (Fed. Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,9

*Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*
No. 08-cv-184, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Etter*
766 F.2d 852 (Fed. Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Inteplast Group, Ltd. V. Coroplast, Inc.*
No. 08-cv-1413, 2009 WL 1774313 (E.D. Mo. June 23, 2009). . . . . . . . . . . . . . . . . . . . . . . 6, 10

*KLA-Tencor Corp. v. Nanometrics, Inc.*
No. 05-cv-03116, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Landis v. N. Am. Co.*
299 U.S. 248 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Middleton, Inc. v. Minn. Mining and Mfg. Co.*
No. 03-cv-40493, 2004 WL 1968669 (S.D. Iowa Aug. 24, 2004).. . . . . . . . . . . . . . . . . . . . . 6-11

*Photoflex Prods. Inc. v. Circa 3 LLC*
No. 04-cv-3715, 2006 WL 1440363 (N.D. Cal. May 24, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*ScriptPro LLC v. Wal-mart Stores, Inc.*
No. 05-cv-2244, 2006 WL 2294859 ( D. Kan. Aug. 8, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*SP Tech., LLC v. HTC Corp.*
No. 08-cv-3760, 2009 WL 1285933 (N.D. Ill. May 6, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Speedtrack Inc. v. Wal-mart.com USA, LLC*
No. 06-cv-7336, 2009 WL 281932 (N.D. Cal. Feb. 5, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*
No. 05-cv-2094, 2006 WL 1892546 (E.D. Mo. July 10, 2006). . . . . . . . . . . . . . . . . . . . . 5-7, 9, 11

**Statutes & Rules**

35 U.S.C. § 252. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

35 U.S.C. § 282. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

35 U.S.C. § 302. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

35 U.S.C. § 303. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

35 U.S.C. § 305. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

35 U.S.C. § 307(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

35 U.S.C. § 311. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

35 U.S.C. § 312. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

35 U.S.C. § 314. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

35 U.S.C. § 316. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

35 U.S.C. § 318. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Other Authorities**

Manual of Patent Examining Procedure § 2261. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION.

Plaintiff Specialty Fertilizer Products, LLC ("SFP") recently filed a request for *ex parte* reexamination asking the United States Patent and Trademark Office (the "Patent Office") to reexamine the patentability of each claim asserted in this lawsuit of SFP's U.S. Patent No. 6,210,459 (the " '459 Patent"). Notably, SFP has submitted Defendants' prior art based invalidity contentions and the seven prior art references on which Defendants rely to the Patent Office for review. SFP has asked the Patent Office for an expert analysis of whether Defendants' invalidity contentions raise a substantial new question of patentability meriting institution of a reexamination proceeding by the Patent Office.

Shortly after SFP instituted its own reexamination of the '459 Patent, Shell Oil Company ("Shell"), who is not a party to this litigation, filed a request for *inter partes* reexamination of all claims of the '459 Patent. Shell has cited six prior art references, four of them distinct from those asserted by Defendants, and contends each claim of the '459 Patent is anticipated or obvious in view of those six references.

This case is still relatively early in pre-trial proceedings due to the parties' prior focus on claim construction and the over one year hiatus while the Court's final judgment of non-infringement was appealed. SFP now asks the Court to stay the litigation while the experts at the Patent Office determine what effect, if any, the Defendants' and Shell's cited prior art have on each of the asserted patent claims. There is a liberal policy favoring staying a lawsuit because of the potential judicial savings to the Court and the parties as a result of the Patent Office review of the asserted claims in light of the allegedly invalidating prior art. By issuing a stay, the Court and the parties may save significant expenses that would otherwise be imposed by further litigation.

1

Moreover, awaiting the Patent Office's learned determination on the numerous prior art references and invalidity contentions advanced by Defendants and Shell will substantially simplify the issues for trial. Thus, the clear advantages flowing from reexamination militate in favor of staying this action.

## II. FACTUAL BACKGROUND.

SFP filed this patent infringement lawsuit on January 9, 2009. (Doc. No. 1).[1] SFP asserts Defendants infringe claims 3, 4, 7, 8, and 13-16 of the '459 Patent by virtue of Defendants' offer for sale and sale of various MicroEssentials branded fertilizers. In 2009 the parties began conducting discovery, including document requests, interrogatories, one fact witness deposition, and expert discovery directed solely to the issue of claim construction.

Briefing regarding construction of disputed claim terms began in February, 2010, and culminated with a *Markman* hearing on March 17, 2010. On May 17, 2010, the Court entered its Order Regarding Claims Construction, which caused the parties to stipulate to entry of a judgment of non-infringement. (See Doc. Nos. 91, 92). Accordingly, final judgment of non-infringement was entered on June 11, 2010, (Doc. No. 96), facilitating SFP's immediate appeal of the Court's claim construction to the Federal Circuit. (Doc. No. 97).

For over a year this Court has been divested of jurisdiction while SFP appealed. The parties briefed the appeal and oral argument was held in February, 2011. The Federal Circuit ultimately issued an Order correcting this Court's claim construction, vacating the judgment of non-infringement, and remanding the matter to this Court for further proceedings. (*See* Doc. No.

---

[1]During the pendency of the appeal of this matter, Plaintiff Larry Sanders assigned all of his interest in the '459 patent to SFP. Accordingly, Sanders is no longer a proper party plaintiff and SFP intends to take the appropriate procedural steps to reflect that change in status.

102).  This Court only recovered jurisdiction of this matter on June 3, 2011.  (*See* Doc. Nos. 101, 102).

The case at present remains administratively closed, the Court has not yet entered a new scheduling order nor an order setting a scheduling conference to discuss further progression of this case.  Indeed, the parties have not yet conferred regarding proposed dates to present to the Court for the cutoff of fact discovery, expert discovery, dispositive motion deadlines, pretrial exchanges and procedures, or potential dates for trial.

Significant discovery remains to be conducted in this lawsuit.  While Defendants have produced over 181,000 pages of material in total, over 104,000 of those pages were just recently produced on June 13, 2011.  (Declaration of Scott R. Brown in Support of Plaintiffs' Motion to Stay the Litigation Pending Reexamination of the Patent-in-Suit, ("Brown Dec."), ¶ 8). Defendants have indicated they have further documents to produce that are responsive to outstanding requests but not when or how many documents will be produced.  (*Id.*).  It appears to SFP's counsel that very little document production from Defendants respecting damages has yet occurred.  Prior to the claim construction hearing, the parties focused their efforts towards claim construction.  (*Id.*, ¶ 9).  They conducted expert discovery for the limited purpose of construing the claims.  (*Id.*).  Only one fact witness deposition has occurred, a third party, with no party witness depositions having yet been taken.  (*Id.*).  Based on the individuals identified in the initial disclosures, at least seven fact witness depositions remain to be conducted.  (*Id.*)*.*  SFP notes, however, that Mosaic and the Cargill entities, each a large multinational corporation, have identified a total of two fact witnesses in their initial disclosures between all of them and SFP suspects other relevant party witnesses from Defendants likely exist.  Remaining liability,

damages, and validity discovery will require numerous expert reports and depositions amounting to hundreds of thousands of dollars in expense for each party. (*Id.*)

On June 27, 2011, SFP filed a request for *ex parte* reexamination of the '459 Patent. (Brown Dec., Ex. A). The Request for Reexamination asks the Patent Office to determine whether the asserted claims of the '459 Patent are invalid in view of seven prior art references cited by Defendants. SFP's submissions to the Patent Office included the most crucial invalidity assertions, namely a set of claim charts prepared by Defendants and given in an interrogatory answer to SFP. These claim charts detailed Defendants' positions regarding the prior art. SFP's reexamination request copied these claim charts verbatim, so that the Patent Office has been asked to decide the exact questions of claim validity raised by Defendants. (Compare Brown Dec., Ex. A, pp. 9-29 with Ex. E).

On July 7, 2011, third party Shell filed a request for *inter partes* reexamination of the '459 Patent. (Brown Dec., Ex. B). Shell's reexamination request cites six prior art references and argues each claim of the '459 Patent is invalid as either anticipated or obvious. (Brown Dec., Ex. B, pp. v, 32-107). Thus, the Patent Office is presently assessing whether to initiate two reexamination proceedings in which the validity of the asserted claims of the '459 Patent would undergo scrutiny by the Patent Office's skilled examiners, who are experts at assessing the validity of patent claims in view of the relevant prior art.[2]

---

[2] Although no reexamination of the '459 Patent has been ordered by the Patent Office, SFP presumes for purposes of this motion that reexamination will be ordered in at least one of the two requests for reexamination that have been filed. Patent Office statistics indicate that 92% of all requests for *ex parte* reexamination are granted and 95% of requests for *inter partes* reexamination are granted. (Brown Dec., Ex. C, ¶ 5(a); Ex. D, ¶ 5(a)).

4

## III. ARGUMENT

### A. Patent Reexamination Allows the Validity of Patent Claims to Be Reassessed by the Patent Office after a Patent Issues.

Two separate reexamination proceedings have been requested, an *ex parte* request and an *inter partes* request. The *ex parte* request will be conducted between SFP and the Patent Office. The *inter partes* request will additionally provide for participation by requester Shell. Patent reexamination is a process conducted by the Patent Office in which a patent owner or third party asks the Patent Office to verify the patentability of the claims. *See* 35 U.S.C. §§ 302, 311. Within three months after a request for reexamination the Patent Office must determine whether a substantial new question exists as to the validity of claims for which reexamination is requested. *Id.* §§ 303, 312. If the Patent Office determines no substantial new question of patentability exists, no reexamination is ordered and the claims are confirmed valid as is. *See id.* If, however, the Patent Office determines a substantial new question of patentability exists, a reexamination is ordered and conducted before the Patent Office in which the patent owner must present argument and evidence demonstrating the validity of its existing claims or presenting new claims the patent owner considers to be patentable. *See id.* at §§ 303, 305, 312, 314. At the conclusion of reexamination, the Patent Office issues a certificate confirming the patentability of the claims for which reexamination was sought, canceling claims determined to be unpatentable in view of the cited prior art, and adding to the patent any new claims determined to be novel and nonobvious. *Id.* at §§ 307, 316.

### B. The Court Has the Inherent Power to Stay Litigation Pending Reexamination.

Courts "have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Watlow Elec. Mfg.*

5

*Co. v. Ogden Mfg. Co.*, No. 05-cv-2094, 2006 WL 1892546, at *1 (E.D. Mo. July 10, 2006) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

"Congress created the reexamination process to shift the burden of reexamining the validity of a patent from the Courts to the PTO." *1st Tech. LLC v. Digital Gaming Solutions S.A.*, No. 08-cv-586, 2010 WL 883657, at *1 (E.D. Mo. Mar. 5, 2010). Consequently, "there is a liberal policy of granting stays when patents are submitted to the PTO for reexamination." *Id.*; *Middleton, Inc. v. Minn. Mining and Mfg. Co.*, No. 03-cv-40493, 2004 WL 1968669, at *3 (S.D. Iowa Aug. 24, 2004). Stays of litigation pending reexamination are favored because they facilitate "settling disputes quickly, lowering costs, and providing the courts with the PTO's expertise." *Watlow*, 2006 WL 1892546, at *1; *Inteplast Group, Ltd. V. Coroplast, Inc.*, No. 08-cv-1413, 2009 WL 1774313, at *1 (E.D. Mo. June 23, 2009). In light of these benefits, stays may be issued before the Patent Office has even ordered reexamination. *SP Tech., LLC v. HTC Corp.*, No. 08-cv-3760, 2009 WL 1285933, at *3 (N.D. Ill. May 6, 2009). Moreover, in the case of *inter partes* reexamination, such as was filed by Shell, Congress expressly provided for staying litigation pending reexamination proceedings:

> Once an order for inter partes reexamination of a patent has been issued under section 313, the patent owner may obtain a stay of *any* pending litigation which involves an issue of patentability of *any* claims of the patent which are the subject of the inter partes reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.

35 U.S.C. § 318 (emphasis provided).

"Courts consider three factors when determining whether a stay should be granted: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party." *Watlow*, 2006 WL 1892546 at *1; *Middleton*, 2004 WL 1968669, at *3. Each of these factors strongly favors staying the present litigation until the Patent Office has concluded its reexaminations of the '459 Patent.

    **C. The Three Factors Considered in Determining Whether to Issue a Stay Strongly Militate in Favor of Staying this Litigation Pending Reexamination**

        1. ***Substantial Discovery Remains to be Conducted and a Trial Date has Not Yet Been Reset.***

Analysis of the progress of this litigation suggests a stay is warranted. Stays sought earlier in litigation, rather than on the eve of trial, are more favorably received by district courts when determining whether a stay is appropriately granted. *See Watlow*, 2006 WL 1892546, at *1. Where no trial date is set and substantial discovery remains, a stay is favored. *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-cv-03116, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006); *Speedtrack Inc. v. Wal-mart.com USA, LLC*, No. 06-cv-7336, 2009 WL 281932, at *1 (N.D. Cal. Feb. 5, 2009); *Photoflex Prods. Inc. v. Circa 3 LLC*, No. 04-3715, 2006 WL 1440363, at *1 (N.D. Cal. May 24, 2006).

Substantial discovery remains to be conducted in this case. Numerous depositions, both of fact witnesses and expert witnesses, remain. No depositions of any party fact witnesses has yet occurred. (Brown Dec., ¶ 9). Of eight witnesses listed by the parties on their initial disclosures, only one has been deposed. (*Id.*) Given that Defendants have identified only two relevant fact witnesses in their initial disclosures, it is highly likely that additional fact witnesses will yet be

identified and need to be deposed as well. Thousands of pages of documents must still be collected, analyzed, and produced. Expert reports and depositions regarding the '459 Patent's validity will require significant expense.³ Fact discovery pertaining to validity also remains. Almost all discovery pertaining to damages, including expert reporting and discovery, remains. Having just received the mandate from the Federal Circuit and recovering jurisdiction, this Court has not yet set a scheduling conference to discuss the timing of discovery, dispositive motions, and trial. When analyzing the posture of this litigation, clearly "[t]his is not a case where reexamination [was] sought on the eve of trial or after protracted discovery." *1st Tech.*, 2010 WL 883657, at *3.

Although some discovery has already occurred prior to this case's appeal to the Federal Circuit, that does not foreclose issuance of a stay. "Even though this case was filed over a year and a half ago, the lawsuit remains in its early stages." *1st Tech.*, 2010 WL 883657, at *2. Stays pending reexamination may be issued years after a lawsuit is initiated and following the completion of discovery notwithstanding multiple pending dispositive motions. *Middleton*, 2004 WL 1968669, at *1. Stays may be issued after a case is remanded from the Federal Circuit. *Id.*

The crucial question is whether substantial savings can be enjoyed by a stay. Stays may be granted where, although discovery has commenced, "much remains to be done before the case is ready for trial." *Constellation IP, LLC v. The Allstate Corp.*, No. 07-cv-132, 2008 WL 4787625, at *3 (E.D. Tex. May 12, 2008). Indeed, even if the parties have endured significant expense, "these costs will not be recouped by denying a stay and proceeding to a trial." *Middleton*, 2004 WL 1968669, at *6. A stay will "allow the validity of the patent to be tested in an 'efficient and

---

³ Given the Federal Circuit's claim construction, SFP presumes that Defendants will no longer contest infringement, but Defendants have not yet taken a position on this.

8

Case 4:09-cv-00016-JTM   Document 105   Filed 07/22/11   Page 12 of 19

relatively inexpensive manner.'" *ScriptPro LLC v. Wal-mart Stores, Inc.*, No. 05-cv-2244, 2006 WL 2294859, at *1 ( D. Kan. Aug. 8, 2006). Because this proceeding is still in the throes of substantial discovery and a trial date has not yet been reset, substantial savings, particularly with respect to patent validity and damages, may be realized if a stay is issued. Thus, this factor weighs in favor of a stay.

> 2. ***With a Stay the Court Will Benefit From the Patent Office's Expert Analysis of the Prior Art Defendants and Shell Contend Render the Asserted Claims Invalid, Which Will Greatly Simplify Issues For Trial.***

The second factor overwhelmingly tilts in favor of issuing a stay of this case. Defendants have identified seven prior art references they contend render the eight asserted claims invalid as anticipated or as obvious. SFP has submitted Defendants' invalidity contentions to the Patent Office. (See Brown Dec., Ex. A, pp. 9-29; Ex. E). Additionally, Shell has cited six references, four of which are not cited by Defendants, as a basis for invalidity of the asserted claims. (Brown Dec., Ex. B, pp. v, 32-107). Reexamination will allow the Patent Office to test the validity of the '459 Patent in view of these references, "where the most expert opinions exist and at a much reduced cost." *Ethicon*, 849 F.2d at 1426 (citing legislative history of reexamination statutes). As noted by the Federal Circuit, "[o]ne purpose of the reexamination procedure is to eliminate trial of [validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Watlow*, 2006 WL 1892546, at *2 (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). If the Patent Office rejects all of the claims, "the scope of this litigation [would] be significantly simplified." *1st Tech.*, 2010 WL 883657, at *3. Indeed, the case may be dismissed.

Courts recognize numerous benefits accrue through the use of reexamination: 1) the prior art is first considered by the Patent Office, with its particular expertise; 2) discovery problems relating to prior art can be alleviated; 3) the suit may be dismissed if the patent is found to be invalid; 4) reexamination may encourage settlement; 5) the record of the reexamination will likely be entered at trial and reduce the complexity and length of trial; 6) issues, defenses, and evidence will be more easily limited in pretrial conferences; and 7) costs will likely be reduced for the parties and the Court. *Middleton*, 2004 WL 1968669, at *3. In short, "[g]ranting a stay allows for the reexamination of patent validity in an impartial forum at almost 100 times less cost to the parties by people trained to understand the technologies described in the patents." *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. 08-cv-184, 2009 WL 357902, at *2 (W.D. Wash. Feb. 9, 2009). Indeed, "[t]he reexamination will have a significant impact on the issues in this case, regardless of its outcome." *Inteplast*, 2009 WL 1774313, at *2.

In addition, in the event claims are amended during reexamination, such amended claims "also have the potential for simplifying the issues that need to be litigated. Narrowing claims would commensurately simplify the issues at trial." *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F.Supp.2d 749, 755 (E.D. Tex. 2006). "If the court allows the case to proceed there is a substantial risk that it and the parties will expend substantial resources in determining the validity of patent claims that may ultimately be cancelled or amended." *Implicit*, 2009 WL 357902, at *2. Indeed, if the Patent Office requires amendment of some or all of the claims in order to confirm validity, and this action has proceeded including depositions of SFP's witnesses, Defendants would be likely to seek to retake the depositions of relevant witnesses in light of any new issues raised by such amended claims. Thus, a stay will simplify issues for trial and result in substantial savings if claims are amended during reexamination.

Statistics published by the Patent Office indicate that 79% of the claims subject to *ex parte* reexamination are amended or cancelled. (Brown Dec., Ex. C, p. 2. ¶ 8). Likewise, the Patent Office's data indicates that 88% of the claims subject to *inter partes* reexamination are amended or cancelled. (Brown Dec., Ex. D, p. 2, ¶ 7). Thus, if a stay is granted the parties are likely to "save the expense of litigating issues that the PTO's experts may render moot." *Watlow*, 2006 WL 1892546, at *2. Further, if the claims are confirmed, "any review of prior art that [the Court] must conduct will be enhanced by the PTO's expert opinion." *Id*. Finally, the benefits of reexamination are magnified when numerous prior art references are alleged to invalidate a patent. *See Middleton*, 2004 WL 1968669, at *6. Here, eleven separate prior art references are alleged to invalidate the asserted claims. (Brown Dec., Ex. A, p. 2, Ex. B, p. v). The various combinations of those eleven references magnify the complexity that would be thrust upon the Court if a stay is not granted. Thus, substantial simplification of the issues that would otherwise be before the Court militate in favor of staying this litigation.

### 3. *Defendants Will Not Suffer Any Undue Prejudice If a Stay is Granted.*

This factor favors a stay because Defendants will not suffer any undue prejudice. Rather, Defendants will appreciate numerous advantages if the Court issues a stay in this litigation. First SFP has submitted all of the prior art Defendants contend render the asserted claims invalid. Second, SFP submitted the very claim charts Defendants provided, thus ensuring the Patent Office receives the entirety of Defendants contentions. (Brown Dec., Ex. A, pp. 2, 9-29). Third, during reexamination, the '459 Patent will not enjoy any statutory presumption of validity, which would otherwise exist during litigation. *In re Etter*, 766 F.2d 852, 858 (Fed. Cir. 1985); 35 U.S.C. § 282. Fourth, Defendants may obtain some intervening rights if all asserted claims of the '459 Patent are amended during reexamination. *See* 35 U.S.C. §§ 252, 307(b). Fifth,

Defendants will save substantial expense that would otherwise be incurred if litigation continued. Sixth, Defendants will enjoy the benefits of Shell's reexamination, which presents additional independent bases for alleged invalidity of the '459 Patent, at no extra cost. Seventh, Defendants will be able to continue to sell and profit from the sales of the accused products throughout the pendency of the stay, with no danger of an injunction being issued by this Court during that time period. Each of these benefits strongly suggest a stay is warranted.

The only potential prejudice Defendants may suffer is a delay in adjudicating this matter. But "the delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *1st Tech.*, 2010 WL 883657, at *3. Reexamination is an accelerated procedure that, pursuant to statutory mandate, is conducted with "special dispatch." 35 U.S.C. § 305. Moreover, when, as here, the patent is in litigation, the reexamination "will have priority over all other cases" at the Patent Office. Manual of Patent Examining Procedure § 2261. Thus, Courts readily recognize that reexamination "does not threaten protracted or indefinite delay." *Alza Corp. v. Wyeth*, No. 06-cv-156, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006).

In addition, by seeking this stay SFP does not gain any unfair advantage. By filing this motion SFP is not attempting to avoid any potentially adverse decision on any dispositive motions. Indeed, no dispositive motions are presently pending before the Court. Nor has SFP unduly delayed in seeking the present reexamination and this stay. Following this Court's claim construction and entry of judgment of non-infringement, SFP had no incentive to seek reexamination of claims that were adjudicated not infringed. Only after the Federal Circuit's reversal and remand did SFP obtain any incentive to move forward testing the claims' validity in light of Defendants' invalidity contentions. Thus, SFP gains no tactical advantage and has not unduly delayed in seeking this motion to stay.

Issuing a stay will benefit, rather than prejudice, Defendants. Thus, this factor heavily weighs in favor of a stay.

## IV. CONCLUSION

Each of the foregoing factors strongly militates in favor of staying this action while the Patent Office assesses whether the prior art cited by Defendants and Shell renders any of SFP's asserted claims invalid. A stay will provide the Court and the parties substantial savings of time and money with the benefit of simplifying validity issues that will otherwise be thrust upon the Court. Finally, Defendants will not suffer any undue prejudice if the Court stays this action. Accordingly, SFP respectfully requests that the Court stay this action pending the outcome of the reexamination of the '459 patent.

## V. ORAL ARGUMENT REQUESTED

Pursuant to Local Rule 7.0(g), SFP requests oral argument on this motion.

Date: July 22, 2011                    Respectfully Submitted,

    s/Scott R. Brown
Scott R. Brown, Mo. Bar #51733
Jennifer C. Bailey, Mo. Bar #53574
Matthew B. Walters, Mo. Bar #59812
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647–9050
F: (913) 647–9057
E-Mail:  srb@hoveywilliams.com
E-Mail:  jcb@hoveywilliams.com
E-Mail:  mbw@hoveywilliams.com


John M. Collins, Mo. Bar #24503
HOVEY WILLIAMS LLP
12796 N. SeaCliff Place
Oro Valley, Arizona 85755
T: (913) 647-9050
F: (913) 647-9057
E-Mail:  jmc@hoveywilliams.com


ATTORNEYS FOR PLAINTIFFS
JOHN LARRY SANDERS AND
 SPECIALTY FERTILIZER PRODUCTS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd day of July, 2011, the foregoing PLAINTIFFS' SUGGESTIONS IN SUPPORT OF THEIR MOTION TO STAY THE LITIGATION PENDING REEXAMINATION OF THE PATENT-IN-SUIT, was filed electronically with the Clerk of the Court via the CM/ECF and a copy was served via e-mail, on the following persons:

| | |
|---|---|
| Heather Redmond | Email: Redmond.Heather@dorsey.com |
| Peter Lancaster | Email: Lancaster.Peter@dorsey.com |
| Devan V. Padmanabhan | Email: padmanabhan.devan@dorsey.com |
| Mariah L. Reynolds | Email: reynolds.mariah@dorsey.com |
| Dorsey & Whitney LLP | |
| 50 South Sixth Street | |
| Suite 1500 | |
| Minneapolis, MN 55402 | |

| | |
|---|---|
| J. David Wharton | Email: dwharton@stinson.com |
| Victoria L. Smith | Email: vsmith@stinson.com |
| Stinson Morrison Hecker LLP | |
| 1201 Walnut Street | |
| Suite 2700 | |
| P. O. Box 419251 | |
| Kansas City, MO 64106-2150 | |

    s/Scott R. Brown
        Scott R. Brown