IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

JOHN LARRY SANDERS and           )
SPECIALTY FERTILIZER             )
PRODUCTS, LLC,                   )
                                 )
        Plaintiffs/              )
    Counterclaim Defendants,     )
                                 )
v.                               )        Case No. 4:09-cv-00016-JTM
                                 )
THE MOSAIC COMPANY;              )
CARGILL, INC.; and               )
CARGILL FERTILIZER, INC.,        )
                                 )
        Defendants/              )
    Counterclaim Plaintiffs.     )
                                 )

---

**MOSAIC'S SUGGESTIONS IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF INVALIDITY**

---

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

STATEMENT OF UNDISPUTED MATERIAL FACTS ........................................................1

ARGUMENT ......................................................................................................................5

    I.       THE ASSERTED CLAIMS ARE ANTICIPATED BY ZHANG ....................5

          A.     Zhang Is Prior Art To The '459 Patent....................................................6

          B.     Zhang Anticipates Composition Claims 3, 4, 7 and 8
               of the '459 Patent..................................................................................6

               1.     Zhang Discloses All Limitations Of Claim 1 (Upon
                      Which Claims 3 and 4 Depend) And Claim 5 (Upon
                      Which Claims 7 and 8 Depend)........................................................7

               2.     Zhang Discloses The Additional Limitations Of
                      Dependent Composition Claims 3, 4, 7, and 8 ..............................8

          C.     Zhang Anticipates Method Claims 13-16 Of The '459 Patent.................9

               1.     Zhang Discloses All Limitations Of Claim 11 (Upon
                      Which Claims 13-16 Depend) .........................................................9

               2.     Zhang Discloses All Additional Limitations Of
                      Dependent Claims 13-16.................................................................9

    II.      THE ASSERTED CLAIMS OF THE '459 PATENT ARE OBVIOUS...........10

CONCLUSION...................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amini Int'l Corp. v. Anthony California, Inc.,*
    211 Fed. Appx. 938 (Fed. Cir. 2007)...................................................................5

*Atlas Powder Co. v. Ireco, Inc.,*
    190 F.3d 1342 (Fed. Cir. 1999)...................................................................6, 8

*Atofina v. Great Lakes Chem. Corp.,*
    441 F.3d 991 (Fed. Cir. 2006)...................................................................8

*Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.,*
    246 F.3d 1368 (Fed. Cir. 2001)...................................................................8

*Eli Lilly & Co. v. Zenith Goldine Pharms., Inc.,*
    471 F.3d 1369 (Fed. Cir. 2006)...................................................................8

*KSR Int'l Co. v. Teleflex, Inc.,*
    550 U.S. 398 (2007)...................................................................5, 11

*Perricone v. Medicis Pharm. Corp.,*
    432 F.3d 1368 (Fed. Cir. 2005)...................................................................6, 8, 10

*PharmaStem Therapeutics, Inc. v. Vitacell, Inc.,*
    491 F.3d 1342 (Fed. Cir. 2007)...................................................................11

*Telemac Cellular Corp. v. Topp Telecom, Inc.,*
    247 F.3d 1316 (Fed. Cir. 2001)...................................................................5, 6

*Titanium Metals Corp. of Am. v. Banner,*
    778 F.2d 775 (Fed. Cir. 1985)...................................................................5, 8

**STATUTES**

35 U.S.C. § 102(b)...................................................................6, 12

35 U.S.C. § 103(a)...................................................................10

35 U.S.C. § 103(b)...................................................................12

## INTRODUCTION

Defendants The Mosaic Company, Cargill, Incorporated, and Cargill Fertilizer, Inc. (collectively, "Mosaic") file this motion for summary judgment of invalidity to bring a prompt end to this litigation in the most direct way possible, a way that will moot all other motions pending before the Court. Plain language in a single prior art reference located in connection with reexamination proceedings establishes as a matter of law that all asserted claims of U.S. Patent No. 6,210,459 (the "'459 patent") are invalid.

For these suggestions, Mosaic relies upon the October 31, 2011, Declaration of Heather Redmond, with attached documents (cited simply as "Ex. ____.")

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      The '459 patent claims priority from the application filing date of its parent, June 27, 2000. Ex. A.

2.      The only asserted claims of the '459 patent are claims 3, 4, 7, 8, and 13-16.

3.      Claim 3 of the '459 patent has these limitations:

> The composition of claim 1 [a soil nutrient composition comprising ammonium sulfate, elemental sulfur, and a micronutrient selected from the group consisting of zinc, iron, manganese, copper, boron, cobalt, vanadium, selenium, silicon, nickel and mixtures thereof, the amount of ammonium sulfate present in said composition being greater than the amount of elemental sulfur therein, on a weight basis],

> wherein said composition comprises from about 5-49% by weight ammonium sulfate, and from about 2.5-49% by weight elemental sulfur, based upon the total weight of the composition taken as 100% by weight. Ex. A.

4.      Claim 4 of the '459 patent has these limitations:

> The composition of claim 1 [a soil nutrient composition comprising ammonium sulfate, elemental sulfur, and a micronutrient selected from the group consisting of zinc, iron, manganese, copper, boron, cobalt, vanadium, selenium, silicon,

nickel and mixtures thereof, the amount of ammonium sulfate
present in said composition being greater than the amount of
elemental sulfur therein, on a weight basis],

said composition being granulated.   Ex. A.

5.     Claim 7 of the '459 patent has these limitations:

The composite of claim 5 [a composite comprising a self-
sustaining body formed of a mixture comprising ammonium
sulfate, elemental sulfur, and a micronutrient selected from the
group consisting of zinc, iron, manganese, copper, boron, cobalt,
vanadium, selenium, silicon, nickel and mixtures thereof, the
amount of ammonium sulfate present in said composite being
greater than the amount of elemental sulfur therein, on a weight
basis],

wherein said composite comprises from about 5-49% by weight
ammonium sulfate, and from about 2.5-49% by weight elemental
sulfur, based upon the total weight of the composite taken as 100%
by weight.   Ex. A.

6.     Claim 8 of the '459 patent has these limitations:

The composite of claim 5 [A composite comprising a self-
sustaining body formed of a mixture comprising ammonium
sulfate, elemental sulfur, and a micronutrient selected from the
group consisting of zinc, iron, manganese, copper, boron, cobalt,
vanadium, selenium, silicon, nickel and mixtures thereof, the
amount of ammonium sulfate present in said composite being
greater than the amount of elemental sulfur therein, on a weight
basis],

said body being a granule.   Ex. A.

7.     Claim 13 of the '459 patent has these limitations:

The method of claim 11 [a method of providing nutrients to soil
comprising the steps of:
        providing a soil nutrient composition comprising ammonium
            sulfate, elemental sulfur, and a micronutrient selected from
            the group consisting of zinc, iron, manganese, copper,
            boron, cobalt, vanadium, selenium, silicon, nickel and
            mixtures thereof, the amount of ammonium sulfate present
            in said composition being greater than the amount of
            elemental sulfur therein, on a weight basis; and
        contacting said composition with said soil],

wherein said composition comprises from about 5-49% by weight ammonium sulfate, and from about 2.5-49% by weight elemental sulfur, based upon the total weight of the composition taken as 100% by weight.   Ex. A.

8.      Claim 14 of the '459 patent has these limitations:

The method of claim 11 [a method of providing nutrients to soil comprising the steps of:
        providing a soil nutrient composition comprising ammonium
            sulfate, elemental sulfur, and a micronutrient selected from
            the group consisting of zinc, iron, manganese, copper,
            boron, cobalt, vanadium, selenium, silicon, nickel and
            mixtures thereof, the amount of ammonium sulfate present
            in said composition being greater than the amount of
            elemental sulfur therein, on a weight basis; and
        contacting said composition with said soil],

said composition being granulated.   Ex. A.

9.      Claim 15 of the '459 patent has these limitations:

The method of claim 11 [a method of providing nutrients to soil comprising the steps of:
        providing a soil nutrient composition comprising ammonium
            sulfate, elemental sulfur, and a micronutrient selected from
            the group consisting of zinc, iron, manganese, copper,
            boron, cobalt, vanadium, selenium, silicon, nickel and
            mixtures thereof, the amount of ammonium sulfate present
            in said composition being greater than the amount of
            elemental sulfur therein, on a weight basis; and
        contacting said composition with said soil],

wherein said contacting step comprises the step of substantially uniformly spreading said composition on said soil.   Ex. A.

10.      Claim 16 of the '459 patent has these limitations:

The method of claim 15 [the method of claim 11 [a method of providing nutrients to soil comprising the steps of:
        providing a soil nutrient composition comprising ammonium
            sulfate, elemental sulfur, and a micronutrient selected from
            the group consisting of zinc, iron, manganese, copper,
            boron, cobalt, vanadium, selenium, silicon, nickel and
            mixtures thereof, the amount of ammonium sulfate present
            in said composition being greater than the amount of
            elemental sulfur therein, on a weight basis; and

contacting said composition with said soil],

wherein said contacting step comprises the step of substantially uniformly spreading said composition on said soil],

wherein said contacting step further comprises the step of incorporating said composition into said soil.   Ex. A.

11.     Chinese patent No. CN 1113221A was issued to Zhang Youliang on December 13, 1995 ("Zhang").  Ex. B.

12.     Zhang discloses a product and method of producing a "carbon dioxide producing agent" "comprising "40 g ammonium sulfate, 30 g calcium carbonate, 30 g elemental sulfur and 5 g microelements."  Ex. B (claim 3).

13.     Zhang discloses that the product is "granulated."  Ex. B (claim 2).

14.     Zhang describes the invention as a "crop growth promoter," and discloses that the product may be "hill dropped or broadcast at an amount of 5 to 10 g/m2 for the cultivation and nursery of various fruits."  Zhang further teaches that the invention "is also a good supplement of microelements for crops."  Ex. B (specification).

15.     The article *Secondary and Micronutrients for Vegetables and Field Crops*, by Vitosh, Warncke, and Lucas, was published by Michigan State University in August 1994 ("Vitosh").  Ex. C.

16.     Zinc, iron, manganese, copper, boron, cobalt, vanadium, selenium, silicon, and nickel were recognized as the micronutrients necessary for plant growth prior to the '459 invention date.  *See* Ex. A at 1:27-30; Ex. C at 1; Pl. Claim Construction Br. at 2 n.2 (Doc. No. 69).

17.     It was well known in the art at the time of the '459 invention to apply granulated fertilizers to soil using methods such as broadcasting and tilling to incorporate the fertilizer into the soil.  *See* Ex. B (specification); Ex. C at 12, 14-16.

**ARGUMENT**

Because the "ultimate judgment of obviousness is a legal determination," *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007), summary judgment of invalidity is as appropriate in patent cases as in any other civil action where there is no genuine issue of material fact. *Amini Int'l Corp. v. Anthony California, Inc.*, 211 Fed. Appx. 938, 941 (Fed. Cir. 2007); *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001) (anticipation "may be decided on summary judgment if the record reveals no genuine dispute of material fact").

One prior art reference – the Zhang patent – discloses the elements of the asserted claims, which are much simpler than a first reading might suggest. They are nothing other than granules of ammonium sulfate and elemental sulfur combined in extremely broad ranges, with the ammonium sulfate amounts greater than the elemental sulfur amounts, along with known micronutrients and standard methods of applying fertilizers to soil.

The specific limitations in the asserted claims were not invented by Plaintiffs. Plaintiffs' own admissions and prior art literature establish that practicing the Zhang patent inherently results in all limitations in the '459 patent, thus invalidating the asserted claims by anticipation, or at least establishing that one of ordinary skill in the art would easily have understood how to practice the claims, thus invalidating the asserted claims by obviousness.

No more than the Zhang patent and Plaintiffs' own admissions about their claimed invention are necessary to conclude that the asserted claims of the '459 patent are, as a matter of law, invalid.

**I.     THE ASSERTED CLAIMS ARE ANTICIPATED BY ZHANG**

"[P]atent law imposes certain fundamental conditions for patentability, paramount among them being the condition that what is sought to be patented, as determined by the claims, be new." *Titanium Metals Corp. of Am. v. Banner*, 778 F.2d 775, 780 (Fed. Cir. 1985). Thus, a

patent is invalid as anticipated by prior art when, for example, "the invention was patented or described in a printed publication in this or a foreign country . . . more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b).

To establish that a claim is anticipated, the defendant must prove by clear and convincing evidence that every claim limitation is found in a single prior art reference. *Telemac Cellular*, 247 F.3d at 1327. "In other words, if granting patent protection on the disputed claim would allow the patentee to exclude the public from practicing the prior art, then that claim is anticipated, regardless of whether it also covers subject matter not in the prior art." *Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999).

Although anticipation requires that all claim elements be present, the elements may be found either expressly or inherently in the reference. Thus, "a prior art reference without express reference to a claim limitation may nonetheless anticipate by inherency." *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1375 (Fed. Cir. 2005); *see also Telemac Cellular*, 247 F.3d at 1327-28. "Under the principles of inherency, if the prior art necessarily functions in accordance with, or includes, the claims limitations, it anticipates." *Perricone*, 432 F.3d at 1375.

### A. <u>Zhang Is Prior Art To The '459 Patent</u>

The '459 patent claims priority back to September 28, 1998, the application filing date of its parent application. Ex. A. Zhang was issued nearly three years earlier, on December 13, 1995. Ex. B. Thus, there can be no dispute, and Plaintiffs have not disputed, that the Zhang patent is prior art under 35 U.S.C. § 102(b).

### B. <u>Zhang Anticipates Composition Claims 3, 4, 7 And 8 Of The '459 Patent</u>

All limitations of the composition claims 3, 4, 7 and 8 of the '459 patent are expressly or inherently disclosed in Zhang.

**1.     Zhang Discloses All Limitations Of Claim 1 (Upon Which Claims 3 and 4 Depend) And Claim 5 (Upon Which Claims 7 And 8 Depend)**

Plaintiffs have agreed that independent claims 1 (describing a "composition") and 5 (describing a "composite") are functionally identical. Pl. Claim Construction Brief at 16 (Doc. No. 69). Claims 3 and 4, which depend from claim 1, and claims 7 and 8, which depend from functionally identical claim 5, are structured in parallel form. The Court may consider first the limitations of the two independent composition claims before establishing the invalidity of the asserted dependent claims. Claims 1 and 5 require:

- A soil nutrient composition / composite;

- Ammonium sulfate in amounts greater than elemental sulfur, by weight; and

- A micronutrient selected from the group consisting of zinc, iron, manganese, copper, boron, cobalt, vanadium, selenium, silicon, nickel and mixtures thereof.

Not even Plaintiffs defend their independent composition claims, having cancelled both claims at the beginning of the reexamination without making any effort to defend their validity. *See* Ex. D.

Zhang discloses a soil nutrient composition with weights of ammonium sulfate (40 g) greater than elemental sulfur (30g). Ex. B (claim 3). Zhang expressly discloses the presence of a micronutrient, *id.*, and inherently discloses a micronutrient from the list of examples in claims 1 and 5. While Zhang does not list specific micronutrients, the standard list Plaintiffs include is inherent in Zhang. The '459 patent itself concedes that point, stating that the elements that plants need "include the so-called micronutrients zinc, iron, manganese, copper, boron, cobalt, vanadium, selenium, silicon, and nickel." Ex. A: 1:27-30. Plaintiffs have also conceded the point in prior briefing: "Agronomists classify nutrients as [macronutrients, secondary nutrients] and 'micronutrients' which include materials such as zinc, iron, manganese, copper, boron,

cobalt, vanadium, selenium, silicon, nickel, and mixtures thereof."  Pl. Claim Construction Brief at 2 n.2 (Doc. No. 69).

For that reason, Zhang's disclosure of "microelements" without listing them inherently discloses the known micronutrients listed in claims 1 and 5 of the '459 patent.  *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1380 (Fed. Cir. 2001) ("disclosure of a small genus may anticipate the species of that genus even if the species are not themselves recited"); *accord Eli Lilly & Co. v. Zenith Goldine Pharms., Inc.*, 471 F.3d 1369, 1376 (Fed. Cir. 2006); *Atofina v. Great Lakes Chem. Corp.*, 441 F.3d 991, 999 (Fed. Cir. 2006).

### 2. <u>Zhang Discloses The Additional Limitations Of Dependent Composition Claims 3, 4, 7, and 8</u>

Claims 3 and 7 of the '459 patent add broad specified ranges to the requirement that ammonium sulfate weights exceed elemental sulfur weights.  They prescribe a weight range of "about 5-49%" for ammonium sulfate and "about 2.5-49%" for elemental sulfur.  The weights disclosed by Zhang fall well within those ranges, through a product having a total weight of 105 g, with 40 g ammonium sulfate (about 38%) and 30 g elemental sulfur (about 28%).  Ex. B (claim 3).  "[W]hen a patent claims a chemical composition in terms of ranges of elements, any single prior art reference that falls within each of the ranges anticipates the claim. . . . In chemical compounds, a single prior art species within the patent's claimed genus reads on the generic claim and anticipates."  *Atlas Powder*, 190 F.3d at 1346; *see also Perricone*, 432 F.3d at 1377; *Titanium Metals*, 778 F.2d at 781.[1]

---

[1]  The Federal Circuit does distinguish between prior art that discloses a broad genus (which may, but does not always, anticipate one species of the genus) and prior art like Zhang that discloses a species within a claimed genus.  *See Atofina*, 441 F.3d at 999.

In addition to the limitations of their independent claims, claims 4 and 8 of the '459 patent require that the composition be "granulated." Zhang expressly discloses a granulated product. Ex. B (claim 2).

Zhang thus either expressly or inherently teaches, and therefore anticipates, all limitations of asserted claims 3, 4, 7, and 8. Mosaic is entitled to summary judgment of invalidity on those claims.

### C.    Zhang Anticipates Method Claims 13-16 Of The '459 Patent

#### 1.    Zhang Discloses All Limitations Of Claim 11 (Upon Which Claims 13-16 Depend)

Claims 13-16 of the '459 patent are dependent on claim 11. Claim 11 claims a method of applying a soil nutrient composition identical to claims 1 and 5 by "contacting said composition with said soil." In addition to describing the fertilizer composition claimed in the '459 patent, Zhang expressly discloses that the granulated fertilizer product "can be either hill dropped or broadcast," Ex. B (specification), inherently resulting in contact between the composition and the soil. We assume that Plaintiffs will not argue that one could or would "broadcast" a granulated fertilizer product without contacting the soil. As with claims 1 and 5, not even Plaintiffs are willing to defend the validity of their independent claim, having cancelled claim 11 at the beginning of the reexamination. *See* Ex. D.

#### 2.    Zhang Discloses All Additional Limitations Of Dependent Claims 13-16

In addition to the limitations of claim 11, claim 13 of the '459 patent requires that the "contacting" composition fall within a weight range of "about 5-49%" for ammonium sulfate and "about 2.5-49%" for elemental sulfur. As explained in Section I.B.2 above with respect to claims 3 and 7, Zhang expressly discloses amounts of ammonium sulfate and elemental sulfur falling within these ranges. Ex. B (claim 3).

In addition to the limitations of claim 11, claim 14 of the '459 patent requires that the "contacting" composition be granulated.  As explained in Section I.B.2. with respect to claims 4 and 8, Zhang expressly discloses a granulated composition.  Ex. B (claim 2).

In addition to the limitations of claim 11, claim 15 of the '459 patent requires that the contacting step comprise the step of "substantially uniformly spreading said composition on said soil."  In expressly disclosing that the granulated fertilizer product be "broadcast," Ex. B (specification), Zhang inherently describes "substantially uniformly spreading the fertilizer on the soil."[2]  *See Perricone*, 432 F.3d at 1377 ("In general, a limitation or the entire invention is inherent and in the public domain if it is the 'natural result flowing from' the explicit disclosure of the prior art.") (quoting additional authority).

In addition to the limitations of claims 11 and 15, claim 16 of the '459 patent requires that the fertilizer composition be incorporated in the soil.  Again, we assume that Plaintiffs will not argue that they invented incorporating a known fertilizer into the soil.  As their patent concedes, some incorporation is necessary for a plant to take in the nutrients through its roots: "In order to maintain healthy growth, plants must extract a variety of elements from the soil in which they grow."  Ex. A at 1:27-28.

Zhang either expressly or inherently teaches, and therefore anticipates, all limitations of asserted claims 13-16.  Mosaic is entitled to summary judgment of invalidity on those claims.

## II.     THE ASSERTED CLAIMS OF THE '459 PATENT ARE OBVIOUS

All asserted claims of the '459 are invalid because they are anticipated by Zhang.  But even if they were not fully anticipated, they would be invalid under 35 U.S.C. § 103(a) because the "differences between the subject matter sought to be patented and the prior art are such that

---

[2]     A "broadcast" fertilizer application is one "cast or scattered in all directions."  *See* www.merrium-webster.com/dictionary/broadcast.

the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." *KSR*, 550 U.S. at 399 (2007). Obviousness at the time of the invention can be shown if "a person of ordinary skill in the art would have had reason to attempt to make the composition or device, or carry out the claimed process, and would have had a reasonable expectation of success in doing so." *PharmaStem Therapeutics, Inc. v. Vitacell, Inc.*, 491 F.3d 1342, 1360 (Fed. Cir. 2007). The Supreme Court has emphasized the need for courts to apply "common sense" in determining obviousness. *KSR*, 550 U.S. at 421.

As already explained, Zhang expressly discloses all limitations of the asserted claims of the '459 patent, with the qualifications that (1) the specific micronutrient species limitations and (2) the process limitations of "contacting said composition with said soil," "substantially uniformly spreading said composition on said soil," and "incorporating said composition into said soil," are not phrased in exactly the same way in Zhang. But any gap in phrasing is easily bridged because of the basic knowledge of one of ordinary skill in the art at the time of the claimed '459 inventions, as previously conceded by Plaintiffs and confirmed in prior art references.

It would have been obvious to one of ordinary skill in the art to use one of the micronutrients taught by Vitosh as the micronutrient of Zhang, as Plaintiffs concede these micronutrients were known in the prior art as essential for plant growth prior to the '459 invention. *See* Ex. C at 1; Ex. A: 1:27-30; Pl. Claim Construction Br. at 2 n.2 (Doc. No. 69). Vitosh also expressly discloses that such micronutrients "may be incorporated into granulated fertilizers during the granulation process." Ex. C at 1.

No more than common sense is necessary to conclude, as a matter of law, that the distribution methods described in claims 13-16 (contacting soil, uniform spreading, incorporating

in soil) are obvious, even if not inherent, to one of ordinary skill in the art. As one prior art article states: "Manganese deficiency in crops can be prevented by band applying manganese fertilizer to the soil. . . .To be effective, soil-applied zinc must be applied near the seed at planting time. . . . Soil applications [of iron fertilizers] are effective if soils are acid or neutral in reaction." Ex. C at 12, 14-16.

Accordingly, even if all Plaintiffs' asserted claims were not considered to be anticipated, they would be invalid for obviousness because a person of ordinary skill in the art who used the composition disclosed in Zhang for its intended purpose of promoting plant growth would have known to include at least one of the micronutrients listed in the '459 patent and to use the application techniques in claims 13-16.[3]

## **CONCLUSION**

Plaintiffs did not invent the fertilizer products and processes claimed in any asserted claims of the '459 patent. Instead, all limitations in the asserted claims were expressly or inherently disclosed in Zhang more than three years before the effective filing date of the '459 patent and are therefore invalid as anticipated under 35 U.S.C. § 102(b) or obvious under 35 U.S.C. § 103(b). Accordingly, Mosaic is entitled to summary judgment of invalidity on all asserted claims.

---

[3]     If the Court were inclined to consider how widely known Plaintiffs' claimed invention is, there are numerous *other* prior art reference that, standing alone or in combination, invalidate the asserted claims of the '459 patent. For example, the Bexton PCT, cited frequently in prior court filings, on its face discloses a granulated fertilizer containing the key elements of the asserted claims (ammonium sulfate and elemental sulfur in appropriate proportion, and a listed micronutrient). *See* Ex. E. Clement also discloses a granulated fertilizer product containing ammonium sulfate, elemental sulfur, and a listed micronutrient. *See* Ex. F. Because the Zhang reference relied upon for this motion presents such a straight-forward and compelling case for invalidity, Mosaic focuses on that reference for this simple motion; the Court need look no further.

## REQUEST FOR ORAL ARGUMENT

Mosaic respectfully requests that the Court conduct oral argument on this dispositive motion.

Dated:  November 1, 2011

DORSEY & WHITNEY LLP

By /s/ Peter M. Lancaster_____
    Peter M. Lancaster, MN Bar #0159840
    lancaster.peter@dorsey.com
    Heather D. Redmond, MN Bar #0313233
    redmond.heather@dorsey.com
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600

STINSON MORRISON HECKER LLP
J. David Wharton, MO Bar 20347
dwharton@stinson.com
Victoria L. Smith, MO Bar 41915
vsmith@stinson.com
1201 Walnut, Suite 2500
Kansas City, MO  64106
Telephone:  (816) 842-8600

***Attorneys for Defendants The Mosaic Company, Cargill, Inc., and Cargill Fertilizer, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2011, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Jennifer Christine Bailey:  jcb@hoveywilliams.com,
ecf@hoveywilliams.com

Scott R. Brown:  srb@hoveywilliams.com,
ecf@hoveywilliams.com

John M. Collins:  jmc@hoveywilliams.com,
ecf@hoveywilliams.com

Matthew B. Walters:  mwalters@hoveywilliams.com,
ecf@hoveywilliams.com

/s/ Peter M. Lancaster
Peter M. Lancaster