IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| John Larry Sanders, an individual and Specialty Fertilizer Products, LLC, an Ohio Limited Liability Company,<br><br>     Plaintiffs,<br><br>     v.<br><br>The Mosaic Company, a Delaware corporation, Cargill, Inc., a Delaware corporation, and Cargill Fertilizer, Inc., a Delaware corporation,<br><br>     Defendants. | Civil No. 4:09-CV-00016-JTM |

**SFP'S SUGGESTIONS IN SUPPORT OF MOTION TO STRIKE MOSAIC'S SUMMARY JUDGMENT MOTION AS UNAUTHORIZED BY A SCHEDULING ORDER**

Scott R. Brown, Mo. Bar #51733
Jennifer C. Bailey, Mo. Bar #53574
Matthew B. Walters, Mo. Bar #59812
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647–9050
F: (913) 647–9057
E-Mail: srb@hoveywilliams.com
E-Mail: jcb@hoveywilliams.com
E-Mail: mbw@hoveywilliams.com

John M. Collins, Mo. Bar #24503
HOVEY WILLIAMS LLP
12796 N. SeaCliff Place
Oro Valley, Arizona 85755
T: (913) 647-9050
F: (913) 647-9057
E-Mail: jmc@hoveywilliams.com

ATTORNEYS FOR PLAINTIFFS
JOHN LARRY SANDERS AND
SPECIALTY FERTILIZER PRODUCTS, LLC

## I. Introduction

Without seeking to reopen proceedings in this case, establish a schedule, request a Rule 16 conference, or otherwise file an application to allow it to proceed with a motion for summary judgment, Defendants (collectively "Mosaic") have filed an unauthorized motion. Since reacquiring jurisdiction after remand from the Federal Circuit, the Court has not set a new schedule or otherwise indicated that this matter is reopened. Moreover, Plaintiffs (collectively "SFP") have moved to stay the action pending the outcome of the *ex parte* reexamination before the PTO. That briefing establishes the waste of judicial and party resources inherent in proceeding in parallel during reexamination and also sets forth the significant discovery still required prior to this matter being ripe for summary judgement. Indeed, the parties have uniformly comported themselves as if this matter remains administratively closed. Furthermore, proceeding now with summary judgment briefing will materially prejudice SFP for the reasons set forth in its motion to stay the lawsuit.

Under the circumstances, it was incumbent on Mosaic to seek leave of the Court to reopen this proceeding prior to filing its motion for summary judgment. Having failed to do so, the Court should strike the motion as having been untimely filed without the authority of a scheduling order and SFP respectfully requests that its Motion to Strike Mosaic's Summary Judgment Motion be granted.

## II. Argument

### A. The Court Should Strike the Motion for Summary Judgment Because the Case Is Administratively Closed and the Motion Was Improperly Filed Absent a Scheduling Order Authorizing Dispositive Motions.

On June 11, 2010, this Court entered a final judgment of no infringement consistent with its claim construction order and the stipulation of the parties. The case was administratively closed at that time. (*See,* ECF transmission of Clerk's Judgment, Doc. No. 96). Plaintiffs appealed and on April 20, 2011, the Federal Circuit remanded this case for further proceedings. (Doc. No. 102).

Since reacquiring jurisdiction, the Court has not reopened the case for discovery or other proceedings. No Rule 16 conference setting a schedule including discovery, dispositive motions, or trial has been held. Accordingly, the case remains administratively closed.

The issue of what affect administrative closure has usually arises in cases where it is unclear whether an order administratively closing a case is in reality a final judgment. Here there is no doubt a final judgment was entered , but upon remand it requires an order of this Court to establish a new schedule and reopen proceedings. Case law establishes that the effect of administratively closing a case is to stay the matter. The matter remains stayed until a party seeks to reopen the case and the Court grants that request. While SFP's research does not reveal any Eighth Circuit precedent, other circuits have unanimously reached this conclusion. For instance in *Penn West Associates, Inc. v. Cohen*, 371 F.3d 118 (3d. Cir. 2004), the Third Circuit, after surveying how other circuits handle the issue, described the consensus on administrative closings as follows:

> Properly understood, an administrative closing has no effect other than to remove the case from the court's active docket and permit the transfer of records associated with the case to the appropriate storage repository. "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." (Citation omitted). *Penn West Associates*, 371 F.3d at 127-128.

At least one district court in this circuit has concluded the effect of administratively closing a case is to stay an action but allow its reopening upon proper application by one of the parties:

> Although I have been unable to find any Eighth Circuit precedent regarding the effect of an administrative closure on a case, every circuit that has reached the question of the effect of an administrative closure has held that 'an administrative closing has no effect other than to remove a case from the court's active docket and permit transfer of records associated with the case to the appropriate storage repository (citations omitted) . . ., *see also, Dees v. Billy,* 394 F.3d 1290, 1294 (9th Cir. 2005) (stating "that the effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket") *H. R. Bushman & Son, Corp. v. Spud Packers, Inc.,* 2008 WL 199548 *1(E.D. MO. 2008).

Thus, without having sought to reopen this matter, the case remains in a simple stay, Mosaic's filing is unauthorized, and the Court should strike the motion for summary judgment.

**B. The Parties Have Uniformly Treated the Case as Closed Pending the Court's Resolution of Plaintiff's Motion to Stay Pending Reexamination.**

Shortly after the Court reacquired jurisdiction from the Federal Circuit, SFP moved to stay the action pending the outcome of two reexamination requests. (Doc. No.104). As part of that briefing, SFP pointed out the case remains administratively closed, a point unchallenged by Mosaic. Indeed, Mosaic, as part of opposing SFP's motion, raised certain discovery it felt it needed to preserve evidence and expressed the opinion that a lengthy stay might result in the loss of that evidence. SFP in its reply agreed as a compromise that even if its motion were granted the identified preservation discovery could go forward to address Mosaic's concerns. (Doc. No. 112, p. 6). Yet, Mosaic has never subsequently raised scheduling that discovery with SFP, and never made any apparent attempt to pursue the preservation of the evidence despite the fact that over two months have now passed since SFP filed its reply. This can only be because Mosaic realized it had no authority to pursue that discovery absent the Court reopening the matter and establishing a scheduling order that provided for the resumption of discovery thereby lifting the stay.[1]

**C. Allowing the Motion for Summary Judgment to Proceed Now Would Materially Prejudice SFP.**

The very purpose for SFP's motion to stay was to prevent the waste of judicial and party resources that may result from litigating the merits of Mosaic's validity challenges when the same issues are presently being addressed by the PTO. SFP will not repeat all of that argument here. But it is important to note that the primary reference upon which Mosaic bases its summary judgment

---

[1] Mosaic has also filed its Motion to Bar Plaintiff's Counsel from Conducting Reexamination. (Doc. No. 115). However, that motion does not seek any relief from the administrative closing, nor does it advance in any way the proceedings before this Court. Hence, it is not inconsistent with Mosaic's recognition, until now, that this matter remains closed absent an order reopening the case.

motion, Zhang, is being analyzed by the PTO. SFP cited Zhang to the PTO after learning of it from Shell's reexamination filing, and now the PTO is analyzing the impact, if any, of this reference on the claims pending in SFP's *ex parte* reexamination process. (Declaration of Heather D. Redmond In Support of Mosaic's Motion for Summary Judgment, Ex. D, Doc. No. 124-4, pp. 7-34).[2] Indeed, even though Mosaic's motion for summary judgment asserts the Zhang reference anticipates the asserted claims under 35 U.S.C. §102, the PTO has not made that same assertion. (*Id.*).

Because of SFP's understanding that the case remains stayed, it has not pursued any of the discovery discussed in its Reply Brief regarding the stay motion. That extensive discovery, as detailed in its Reply, is relevant to the issue of secondary considerations of non-obviousness. Secondary considerations of non-obviousness are "often most probative and determinative of the ultimate conclusion of obviousness or non-obviousness." *Pro Mold and Tool Co. v. Great Lakes Plastics, Inc.*, 75 f.3d 1568, 1573 (Fed. Cir. 1996). Secondary considerations evidence can include unexpected results from the invention, industry accolades, long felt need, teaching away, and commercial success of the accused products. *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1130 (Fed. Cir. 2000). As SFP explained in further detail in its Reply regarding its motion to stay the lawsuit, the discovery required from Mosaic to establish these facts includes the subjects of the composition, manufacture, marketing, and sales of the accused products. Evidence of each of these factors may be found in the history of the development and sales of the Mosaic's very successful products. (Doc. No. 112, p. 4).

Mosaic's brief in support of summary judgment of invalidity raises obviousness as its second theory upon which summary judgment may be based. (Doc. No. 124, p. 10). SFP will unequivocally show that there are material issues of fact preventing summary judgment of invalidity under an

---

[2] The PTO did not grant Shell's reexamination request and thus Zhang is only being addressed in the *ex parte* proceeding instituted by SFP.

4

anticipation theory by the Zhang reference, and therefore this as yet undiscovered body of evidence regarding non-obviousness will become highly relevant. But, a response to a summary judgment motion is not a "dress rehearsal" in which some theories or evidence relevant to defeating the motion may be reserved for future argument or trial. All bases for defeating a summary judgment motion must be presented or waived. *Garmin Ltd. v. Tom Tom, Inc.*, 468 F. Supp. 2d 988, 1000-01 (W.D. Wis. 2006) (patentee waived argument supporting validity by failing to assert them in response to summary judgment motion even though it purported to reserve them for future argument in its brief). Accordingly, it would materially prejudice SFP to allow briefing on this motion to go forward now despite the existence of a stay and without the benefit of having had the identified secondary consideration discovery.

### III. Conclusion

Because this matter remains administratively closed, there is an inherent waste of party and judicial resources by proceeding in parallel with the reexamination, and SFP would be materially prejudiced by requiring briefing of Mosaic's Motion for Summary Judgment, SFP respectfully requests that the Court strike the Motion for Summary Judgment as being filed without appropriate authorization under a scheduling order of this Court.

Date: November 9, 2011               Respectfully Submitted,

                                                                        s/Scott R. Brown
Scott R. Brown, Mo. Bar #51733
Jennifer C. Bailey, Mo. Bar #53574
Matthew B. Walters, Mo. Bar #59812
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647–9050
F: (913) 647–9057
E-Mail: srb@hoveywilliams.com
E-Mail: jcb@hoveywilliams.com
E-Mail: mbw@hoveywilliams.com


John M. Collins, Mo. Bar #24503
HOVEY WILLIAMS LLP
12796 N. SeaCliff Place
Oro Valley, Arizona 85755
T: (913) 647-9050
F: (913) 647-9057
E-Mail: jmc@hoveywilliams.com


ATTORNEYS FOR PLAINTIFFS
JOHN LARRY SANDERS AND
 SPECIALTY FERTILIZER PRODUCTS, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of November, 2011, the foregoing SFP'S SUGGESTIONS IN SUPPORT OF MOTION TO STRIKE MOSAIC'S SUMMARY JUDGMENT MOTION AS UNAUTHORIZED BY A SCHEDULING ORDER, was filed electronically with the Clerk of the Court via the CM/ECF and a copy was served via e-mail, on the following persons:

Heather Redmond	Email: Redmond.Heather@dorsey.com
Peter Lancaster	Email: Lancaster.Peter@dorsey.com
Devan V. Padmanabhan	Email: padmanabhan.devan@dorsey.com
Mariah L. Reynolds	Email: reynolds.mariah@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402

J. David Wharton	Email: dwharton@stinson.com
Victoria L. Smith	Email: vsmith@stinson.com
Stinson Morrison Hecker LLP
1201 Walnut Street
Suite 2700
P. O. Box 419251
Kansas City, MO 64106-2150

                                        s/Scott R. Brown
                                          Scott R. Brown