IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN LARRY SANDERS and SPECIALTY FERTILIZER PRODUCTS, LLC,<br><br>      Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>THE MOSAIC COMPANY, CARGILL, INC., and CARGILL FERTILIZER, INC.,<br><br>      Defendants/Counterclaim Plaintiffs. | Civil File No. 4:09-cv-00016-JTM<br><br>**MOSAIC'S SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE MOSAIC'S SUMMARY JUDGMENT MOTION** |

# INTRODUCTION

Defendants The Mosaic Company, Cargill, Inc., and Cargill Fertilizer, Inc. (collectively "Mosaic") respectfully submit these suggestions in opposition to Plaintiffs' Motion to Strike Mosaic's Summary Judgment Motion. Mosaic's summary judgment motion was filed because it provides the route to the most efficient resolution of this case. Plaintiffs' assertion that the motion is inconsistent with some stay now in place is inconsistent with court records available to the parties and with their own prior views, demonstrated by their having filed a motion to stay what they then apparently regarded as an open case. Plaintiffs can suffer no prejudice from consideration of Mosaic's motion other than elimination of plainly invalid patent claims. Granting Plaintiffs' motion to strike, on the other hand, would force Mosaic to continue under the threat posed by pending patent litigation and require Mosaic and the Court to deal with the many dozens of new patent claims Plaintiffs hope to emerge from the reexamination process, without giving the Court an opportunity to consider whether the case as filed has any merit. That result would multiply the tasks facing both Mosaic and the Court.

One simple fear motivates Plaintiffs' effort to stop the Court from considering the merits of Mosaic's motion: that, once it views the merits, the Court will conclude that the patent claims Plaintiffs placed in litigation are invalid.

This opposition to Plaintiffs' motion to strike relies on Exhibit A attached hereto, along with the other files and records in this case.

## ARGUMENT

### I. MOSAIC'S SUMMARY JUDGMENT MOTION WAS PROPERLY FILED AND DID NOT VIOLATE ANY COURT ORDER

Plaintiffs' assertion that Mosaic's summary judgment motion was improperly filed rests on the premise that the case remains "administratively closed" nearly six months after the Federal Circuit's mandate. Of course, the Court knows better than the parties whether the case is administratively "open" or "closed." Court communications, however, indicate that Plaintiffs are wrong. After the Federal Circuit mandate, filed on June 3, 2011, ECF notices in this proceeding no longer bear the "WARNING—CASE CLOSED ON 6/11/2010" notation that appeared on all district court filings while the appeal was pending. *See, e.g.*, Doc. No. 102 (mandate); Doc. No. 104 (motion to stay). In a written communication to Mosaic's counsel just before issuance of the mandate, Plaintiffs' counsel confirmed their understanding that "the district court will reassume jurisdiction of the case [upon issuance of the mandate]." Ex. A. Since the mandate has issued and the docket reflects an open case, it is not clear what action Plaintiffs contend Mosaic should have taken to "seek leave of the Court to reopen this proceeding." Pl. Suggestions at 1. They argue, for example, that a scheduling order should have been in place before Mosaic filed its dispositive motion. That argument is surely contradicted by events in countless run-of-the-mill cases. The Court has surely seen numerous dispositive Rule 12 motions filed before any scheduling order is in place.

Contrary to Plaintiffs' assertion that "the parties have uniformly comported themselves as if this matter remains administratively closed," Pl. Suggestions at 1, neither party has treated the case as closed. These are among the actions taken by both parties after the Federal Circuit issued its opinion that are inconsistent with Plaintiffs' position that this proceeding remains closed:

- On May 5, 2011, Plaintiffs' counsel sent an e-mail seeking to resume discovery in the case. Ex. A.

- In response to Plaintiffs' prompting over the following weeks, Mosaic began the process of collecting and reviewing additional documents, resulting in a production of over 104,000 pages of documents on June 13, 2011.

- On June 21, 2011, Mosaic sent deposition notices to Plaintiffs, not prompting any motion by Plaintiffs.

- Almost two months after the Federal Circuit mandate, Plaintiffs filed a motion to stay the proceedings, an action that would be unnecessary had the case already been administratively closed.

- In briefing relating to Plaintiffs' motion to stay, Plaintiffs agreed that third party discovery by Mosaic was appropriate. *See* Doc. No. 112 at 6.

In short, there was nothing improper in Mosaic filing its motion for summary judgment when it did. The Court has jurisdiction, the docket is open, and Mosaic violated no order, any more than Plaintiffs did when they commenced their own motion practice.

## II. MOSAIC'S MOTION FOR SUMMARY JUDGMENT DOES NOT PREJUDICE PLAINTIFFS

The resolution of Mosaic's straightforward motion for summary judgment will not prejudice Plaintiffs. Mosaic's motion argues that the asserted claims are invalid, because they are anticipated by a single prior art patent. Not even Plaintiffs argue that discovery or expert testimony is needed to resolve that issue. If the Court agrees with Mosaic that the single patent, the Zhang patent, discloses every limitation of the asserted claims, then the asserted claims are invalid. *See Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1368-69 (Fed. Cir. 2003) ("dispositive question" is whether every claim element is disclosed in the prior art reference).

Thus, this case will require the expenditure of no additional resources of the Court or the parties. That Plaintiffs will have lost the ability to hold hostage Mosaic and its product line for several years while they attempt to push more than one hundred new claims through the PTO after gaining access to Mosaic's product formulations does not constitute prejudice. If it did, every party in every case would have grounds for arguing that an adversary should be denied summary judgment.

Mosaic's supplemental arguments based upon obviousness need only be addressed as an alternative to anticipation. Like anticipation, the issue of obviousness in this case requires no fact or expert discovery. The key issues – the scope and content of the prior art and the motivation to combine the teachings to practice the asserted claims – can be determined as a matter of law based on the plain language of the prior art publications and Plaintiffs' own admissions.

Plaintiffs' argument is that they need "extensive discovery" regarding the so-called "secondary considerations" of non-obviousness, including commercial success, unexpected results, industry accolades, long felt need, and teaching away. Those considerations, however, do not control the obviousness inquiry. *See Richardson-Vicks v. Upjohn Co.*, 122 F.3d 1476, 1483 (Fed. Cir. 1997) (*citing Newell Cos., Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 768 (Fed. Cir. 1988)). Even if secondary consideration evidence is present, it must be sufficient to override the determination of obviousness based on the primary considerations. *See, e.g.*, *Richardson-Vicks*, 122 F.3d at 1484 (although plaintiff had shown both unexpected results and substantial commercial success, that evidence could not override "the clear and convincing evidence that the subject matter" was obvious); *Newell*, 864 F.2d at 768 ("[A]lthough the record shows a highly successful product, the record also establishes such a strong case of obviousness based on

admissions and the teachings of the prior art . . . that the objective evidence of obviousness does not persuade us to reach a contrary conclusion."). Here, the issue of obviousness is not a close question. No amount of secondary consideration evidence could overcome the inescapable conclusion that Plaintiffs' claimed invention was obvious. If Plaintiffs can persuade the Court that it could, the Court may simply deny Mosaic's summary judgment motion for that reason.

### III. MOSAIC WILL BE PREJUDICED IF THE COURT DOES NOT CONSIDER ITS MOTION FOR SUMMARY JUDGMENT

Plaintiffs' prejudice argument has the facts backwards: holding an adversary hostage to litigation that lacks any basis prejudices the target, not the hostage-taker. After waiting almost nine years, Plaintiffs chose to file this case against Mosaic in January 2009. Mosaic has spent hundreds of thousands of dollars defending against Plaintiffs' infringement claims. Now, through their reexamination petition and motion for a stay of these proceedings, Plaintiffs seek to avoid an efficient resolution of this case in Mosaic's favor, to keep Mosaic under the weight of a baseless case and subject it to new levels of complexity following reexamination. If the Court does not decide Mosaic's summary judgment motion now, and instead grants Plaintiffs' request for an indefinite stay, Mosaic's investment in its defense will largely have been wasted, and Mosaic's investment in its product line over the past ten years will remain in limbo. And when reexamination is concluded, if Plaintiffs are successful in that process, Plaintiffs will ask this Court to resolve dozens of new claims, not the simple handful that can resolve this case now.

## CONCLUSION

Plaintiffs have no basis on which to request that Mosaic's properly-filed summary judgment motion be stricken. Mosaic respectfully requests that Plaintiffs' motion be denied, and that Plaintiffs respond promptly to Mosaic's summary judgment motion.

DORSEY & WHITNEY LLP

Dated: November 18, 2011

By /s/ Peter M. Lancaster
    Peter M. Lancaster, MN Bar #0159840
    lancaster.peter@dorsey.com
    Heather D. Redmond, MN Bar #0313233
    redmond.heather@dorsey.com
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

STINSON MORRISON HECKER LLP
J. David Wharton, MO Bar 20347
dwharton@stinson.com
Victoria L. Smith, MO Bar 41915
vsmith@stinson.com
1201 Walnut, Suite 2500
Kansas City, MO 64106
Telephone: (816) 842-8600

*Attorneys for Defendants The Mosaic Company, Cargill, Inc., and Cargill Fertilizer, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2011, I electronically filed the foregoing Mosaic's Suggestions in Opposition to Plaintiffs' Motion to Strike Mosaic's Summary Judgment Motion with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

>Jennifer Christine Bailey: jcb@hoveywilliams.com, ecf@hoveywilliams.com
>
>Scott R. Brown: srb@hoveywilliams.com, ecf@hoveywilliams.com
>
>John M. Collins: jmc@hoveywilliams.com, ecf@hoveywilliams.com
>
>Matthew B. Walters: mwalters@hoveywilliams.com, ecf@hoveywilliams.com

/s/ Peter M. Lancaster
Peter M. Lancaster