IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| John Larry Sanders, an individual and Specialty Fertilizer Products, LLC, an Ohio Limited Liability Company,<br><br>      Plaintiffs,<br><br>  v.<br><br>The Mosaic Company, a Delaware corporation, Cargill, Inc., a Delaware corporation, and Cargill Fertilizer, Inc., a Delaware corporation,<br><br>      Defendants. | Civil No. 4:09-CV-00016-JTM |

**REPLY IN SUPPORT OF SFP'S MOTION TO STRIKE MOSAIC'S SUMMARY JUDGMENT MOTION AS UNAUTHORIZED BY A SCHEDULING ORDER**

Scott R. Brown, Mo. Bar #51733
Jennifer C. Bailey, Mo. Bar #53574
Matthew B. Walters, Mo. Bar #59812
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647–9050
F: (913) 647–9057
E-Mail: srb@hoveywilliams.com
E-Mail: jcb@hoveywilliams.com
E-Mail: mbw@hoveywilliams.com

John M. Collins, Mo. Bar #24503
HOVEY WILLIAMS LLP
12796 N. SeaCliff Place
Oro Valley, Arizona 85755
T: (913) 647-9050
F: (913) 647-9057
E-Mail: jmc@hoveywilliams.com

ATTORNEYS FOR PLAINTIFFS
JOHN LARRY SANDERS AND
SPECIALTY FERTILIZER PRODUCTS, LLC

I. Argument

   A. SFP's Actions Do Not Contradict Its Position That the Case Remains Administratively Closed.

Mosaic purports to identify actions taken by SFP that are inconsistent with its position that the case has remained closed in a bullet point list on page three of its brief. Yet none of these actions contradict SFP's position; close inspection shows the actions are entirely consistent with SFP's viewpoint. For example, Mosaic submits an e-mail from counsel for SFP to counsel for Mosaic sent after the Federal Circuit's opinion, but before the mandate issued from that Court. The e-mail anticipates that the court will re-obtain jurisdiction and reopen the matter. SFP agrees this Court has jurisdiction, but no schedule has yet been set and discovery has not been reopened. Nothing in that email indicates otherwise.

In its Motion to Stay Pending Reexamination of the Patent-in-Suit, SFP expressly stated that the matter is presently administratively closed. (Doc. No. 105, p.3). Filing a procedural motion to maintain that status does not contradict SFP's position. Indeed, SFP was unwilling to rely on the simple administratively closed status, a status that can be reversed by the court holding a scheduling conference and setting a new schedule. SFP wanted to expressly address to the Court its desire for a formal more extended stay pending the results of the reexamination. Nor was it inconsistent for SFP to agree in its reply that, as part of a issuing a formal stay order, the Court could allow for limited discovery for the purpose of preserving evidence. More telling is the fact that in response to that statement and in the absence of a Court Scheduling Order, Mosaic has not even suggested proceeding with that discovery.

Mosaic argues its deposition notices sent on June 21, 2011, demonstrate the parties did not consider the case administratively closed. But SFP replied to those notices by stating that it considered the matter administratively closed and would therefore not yield the depositions. (See

June 28, 2011 email submitted at Doc. No. 126-2, p. 2) Mosaic never responded to that aspect of the e-mail, never moved to reopen the case, never pressed again with SFP to conduct depositions, and has in fact never sent new deposition notices.

**B. There Is Significant Evidence That Must Be Discovered and Adduced In Order to Fully Address Mosaic's Motion.**

Mosaic treats its summary judgment argument as if the work of the Court and the parties is nearly complete simply because Mosaic has filed its opening brief. Nothing could be further from the truth. Indeed, SFP requires significant discovery and an opportunity to prepare expert opinion as detailed in its opening brief, all prior to filing an opposition. Moreover, SFP presumes the Court presently has not yet attempted to undertake the significant effort of trying to understand what the Zhang reference at the core of Mosaic's motion discloses. The Court will also have to analyze the significant technical and accounting evidence that SFP anticipates will be submitted in opposition to the motion if SFP is given a full and fair opportunity to discover and present this evidence. Mosaic never makes clear why going through this exercise now, when PTO proceedings likely will change the issues substantially, is a judicial savings.

With respect to its anticipation argument, Mosaic incorrectly argues that no discovery or expert testimony is required to resolve the issue of anticipation based on the Zhang reference. (Mosaic Brief, p. 3). Quite the contrary, SFP anticipates it will submit expert declarations both from its technical expert and from a Chinese language expert in opposition to the motion. SFP's technical expert will, at a minimum, demonstrate that the Zhang reference is non-enabling and, therefore, that it cannot anticipate the claims as a matter of law. The Chinese language expert will establish that there is a significant discrepancy in the translation as submitted by Mosaic that prevents Zhang from being found to anticipate. SFP assumes that Mosaic will seek depositions of its technical expert, a

2

significant waste of party resources given that SFP's technical expert will later provide a full report with respect to all of Mosaic's invalidity charges, after which Mosaic will seek to take his deposition yet again.

Mosaic's entire argument with respect to its obviousness attack and SFP's response that it would like to submit evidence of secondary considerations misses two fundamental points: 1) in order for SFP to establish that its evidence of secondary considerations is "sufficient to override the determination of obviousness based on the primary considerations," SFP must be afforded the opportunity to discover and submit that evidence; and 2) opposing Mosaic's motion is SFP's only chance to present such evidence. Mosaic's argument regarding obviousness presumes that its showing with respect to both anticipation and obviousness is so compelling that the Court will be persuaded to ignore SFP's showing on secondary considerations of non-obviousness. But, the court can make no such determination without having had the opportunity to view and analyze SFP's presentation. The Court cannot decide whether a showing of obviousness is so compelling that it overcomes a secondary considerations argument without having had the opportunity to analyze what the proponent of non-obviousness offers into evidence.

Mosaic suggests that its summary judgment motion filed during the administrative closure of this case is no different than a preliminary Rule 12 motion that might occur in any case before a schedule is set. This argument ignores the nature of a summary judgment motion. Mosaic's motion is not a technical motion raising purely legal issues based upon the pleadings. It is a motion under Rule 56 alleging that no substantial issue of fact exists, a proposition that inherently requires that SFP be allowed to fully discover and present facts which contradict this position. Just because Mosaic believes the issue is clear is not a ground to prevent SFP from obtaining the evidence it needs to fully present its case. The Court cannot make this balancing judgment without reviewing SFP's

showing of secondary considerations, and SFP cannot make that showing if the Court proceeds now without SFP having had an opportunity to discover the evidence.

### C. The Only Course of Action That Can Result In Prejudice and A Waste of Judicial Resources is to Proceed On Summary Judgment Now.

Mosaic argues as if granting summary judgment on the claims that are the subject of its motion will resolve this dispute. At the same time, Mosaic acknowledges that SFP has many new claims pending in the reexamination, and has previously itself argued that statistical evidence demonstrates over 90% of *ex parte* reexaminations issue with claims allowed. (Doc. No. 106, p. 17) Thus, Mosaic's prejudice arguments are nonsensical. They presume that disposition of the pending claims would resolve the dispute between the parties, a result that Mosaic is incapable of obtaining by reason of this summary judgment motion. If the PTO issues new or revised claims, this Court will need to resolve whether the newly issued claims are infringed by Mosaic. If the PTO refuses all of the claims, this court will never need to substantively address this case again. The only course of action that ensures a waste of judicial resources is to proceed on Mosaic's summary judgment motion now.

Perhaps the most significant potential harm raised by Mosaic is that it will take "several years" to "push more than 100 new claims through the PTO," and Mosaic will be "held hostage" until this happens. Of course, Mosaic's motion cannot resolve new as yet unissued claims as a matter law. Moreover, despite Mosaic's protestations, it is highly likely that the reexamination proceeding is already fast drawing to a close. SFP filed its final response to the latest PTO office action in the reexamination followed by supplemental amendments from November 22 to 29. The Examiner in the reexamination has indicated an action is likely from the patent office in January. Thus, there is a substantial likelihood that the reexamination will be complete in the first quarter of 2012, not "several years" down the road.

## II. Conclusion

For the foregoing reasons, SFP respectfully requests that its motion to strike Mosaic's Summary Judgment Motion be granted.

Date: December 5, 2011

Respectfully Submitted,

    s/Scott R. Brown
Scott R. Brown, Mo. Bar #51733
Jennifer C. Bailey, Mo. Bar #53574
Matthew B. Walters, Mo. Bar #59812
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647–9050
F: (913) 647–9057
E-Mail: srb@hoveywilliams.com
E-Mail: jcb@hoveywilliams.com
E-Mail: mbw@hoveywilliams.com

John M. Collins, Mo. Bar #24503
HOVEY WILLIAMS LLP
12796 N. SeaCliff Place
Oro Valley, Arizona 85755
T: (913) 647-9050
F: (913) 647-9057
E-Mail: jmc@hoveywilliams.com

ATTORNEYS FOR PLAINTIFFS
JOHN LARRY SANDERS AND
SPECIALTY FERTILIZER PRODUCTS, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of December, 2011, the foregoing REPLY IN SUPPORT OF SFP'S MOTION TO STRIKE MOSAIC'S SUMMARY JUDGMENT MOTION AS UNAUTHORIZED BY A SCHEDULING ORDER, was filed electronically with the Clerk of the Court via the CM/ECF and a copy was served via e-mail, on the following persons:

Heather Redmond     Email: Redmond.Heather@dorsey.com
Peter Lancaster     Email: Lancaster.Peter@dorsey.com
Devan V. Padmanabhan     Email: padmanabhan.devan@dorsey.com
Mariah L. Reynolds     Email: reynolds.mariah@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402

J. David Wharton     Email: dwharton@stinson.com
Victoria L. Smith     Email: vsmith@stinson.com
Stinson Morrison Hecker LLP
1201 Walnut Street
Suite 2700
P. O. Box 419251
Kansas City, MO 64106-2150

    s/Scott R. Brown
      Scott R. Brown