IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **John Larry Sanders,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action Number** |
| | ) | **09-00016-CV-W-JTM** |
| **The Mosaic Company,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# Order

On January 9, 2009, plaintiffs John Larry Sanders ("Sanders") and Specialty Fertilizer Products, LLC ("SFP") instituted the present federal action arguing that their patent [U.S. Patent No. 6,210,459 ("the '459 patent")] was being infringed by defendants The Mosaic Company ("Mosaic"), Cargill, Inc., and Cargill Fertilizer, Inc. (the latter two collectively referred to as "Cargill"). Sometime after the institution of this litigation, SFP filed a request with the United States Patent and Trademark Office ("the Patent Office") seeking a reexamination of the patentability of the claims[1] at issue[2] herein. Based on this reexamination, two motions are presently before the Court – (1) the motion of Sanders and SFP to stay the case pending the reexamination and (2) Mosaic and Cargill's motion to bar the plaintiffs' attorney herein from representing SFP in the reexamination proceedings before the Patent Office.

---

[1] An applicant for a patent is required to conclude the specification with one or more "claims" particularly pointing out and distinctly claiming the subject matter which the applicant regards as his or her invention. 35 U.S.C. § 112. The function of the claim is to point out what the applicant has invented. Claims, not specification embodiments, normally define the scope of patent protection. *R.H. Murphy Co. Inc. v. Illinois Tool Works, Inc.*, 409 F.Supp.2d 53, 61 (D. Mass. 2006) (*quoting American Permahedge, Inc. v. Barcana, Inc.*, 105 F.3d 1441, 1444 (Fed. Cir. 1997)).

[2] In addition, another entity not a party to this litigation, Shell Oil Company, has likewise requested that the Patent Office reexamine the claims for the '459 patent.

Before addressing the motions, a brief review of the case history is warranted. As noted, on January 9, 2009, Sanders and SFP filed this patent infringement lawsuit. On March 4, 2009, Mosaic and Cargill both answered and counterclaimed against the plaintiffs seeking a declaration of non-infringement and a declaration of invalidity.[3] Thereafter, in November of 2009, Mosaic and Cargill sought and were granted leave to file counterclaims for "inequitable conduct."[4] Thereafter, consistent with the practice in federal court patent litigation,[5] the Court conducted a *Markman* hearing and, subsequently, issued an order regrading claim construction on May 17, 2010. Thereafter, on June 7, 2010, based on the Court's claim construction and the parties stipulation in light of that ruling, the Court entered summary judgment against the plaintiffs and in favor of the defendants. On June 29, 2010, the plaintiffs – as is appropriate in patent litigation – then appealed to the Federal Circuit Court of Appeals. By an opinion dated April 20, 2011, the Federal Circuit reassessed the proper claim construction and remanded the case to this Court. *Sanders v. The Mosaic Co.*, 418 Fed. Appx. 914, 917-19 (Fed. Cir. 2011). The Court received the mandate on June 3, 2011, and shortly thereafter, the parties filed the present pending motions.

---

[3] "Though an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity." *Medtronic, Inc. v. Cardiac Pacemakers, Inc.* 721 F.2d 1563, 1583 (Fed. Cir. 1983).

[4] Applicants for patents are required to prosecute patent applications in the Patent Office with candor, good faith, and honesty. *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 818, 65 S.Ct. 993, 999 (1945). A breach of this duty constitutes the basis for a cause of action for "inequitable conduct." *Molins PLC v. Textron Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995).

[5] Patent cases typically involve several "stages." Typically, a court initially conducts a hearing on the legal question regarding the appropriate construction of the patent claims at issue in the litigation as contemplated by *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 116 S.Ct. 1384 (1996).

2

## A. The motion to stay

In patent litigation, "federal courts have the inherent power to stay patent litigation pending the outcome of a reexamination request" before the Patent Office. *Roblor Marketing Group, Inc. v. GPS Industries, Inc.*, 633 F.Supp.2d 1341, 1346 (S.D. Fla. 2008). *See also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a [Patent Office] reexamination"). The reexamination process itself has been deemed to be "an efficient and relatively inexpensive procedure for reviewing the validity of patents which would employ the [Patent Office's] expertise [thus] provid[ing] the federal courts with the expertise of the [Patent Office] in resolving patent claims." *Id*. at 1426. Moreover, a Patent Office reexamination may eliminate a trial on some invalidity contentions and/or facilitate a trial as to other patent infringement issues. *See*, *e.g.*, *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).[6] Consequently, although a decision to stay lies in a court's discretion, there is a "liberal policy in favor of granting stays." *Donnelly Corp. v. Guardian Industries Corp.*, 2007 WL 3104794, op. at *3 (E.D. Mich. Oct. 22, 2007). *See also Bausch & Lomb Inc. v. Rexall Sundown, Inc.*, 554 F.Supp.2d 386, 389 (W.D.N.Y. 2008) (Patent Office reexamination "should be deferred to by the courts"); *Middleton, Inc. v. Minnesota Mining and Manufacturing Co.*, 2004 WL 1968669, op. at *3 (S.D. Iowa Aug. 24, 2004) (courts "routinely stay[] infringement actions pending the outcome of reexamination proceedings").

---

[6] Indeed, one court recently observed that "Congress created the reexamination process to shift the burden of reexamining the validity of a patent from the courts to the [Patent Office]." *1st Technology, LLC v. Digital Gaming Solutions S.A.*, 2010 WL 883657, op. at *1 (E.D. Mo. Mar. 5, 2010) (*citing Ho Keung Tse v. Apple, Inc.*, 2007 WL 2904279, op. at *1 (N.D. Cal. Oct. 4, 2007)).

3

In considering the propriety of granting a stay pending Patent Office reexamination, district court consider three factors:

> (1) whether discovery is complete and a trial date has been set;
>
> (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and
>
> (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party.

*Hansen Manufacturing Corp. v. Enduro Systems, Inc.*, 2012 WL 381238, op. at *2 (D.S.D. Feb. 6, 2012) (*citing Watlow Elec. Manufacturing Co. v. Ogden Manufacturing Co.*, 2006 WL 1892546, op. at *1 (E.D. Mo. Jul. 10, 2006)).  In essence, then, a court "determines whether benefits of a stay outweigh the associated costs." *Middleton*, 2004 WL 1968669, op. at *3.  The Court has examined the parties voluminous pleadings on these three factors and concludes that a stay is appropriate.

In brief, the Court would note that since the remand from the Federal Circuit, discovery has not been completed and no trial date has been set for this case.  Indeed, at the present time, there is no scheduling order in place.  In February of 2012, the Court – in an effort to find an expeditious resolution to this matter – ordered the parties to participate in a settlement conference with an outside mediator.  Those discussions did not bring a resolution.  Consequently, the case is at the stage where a scheduling order needs to be entered so that the parties may complete appropriate discovery and the matter can proceed to trial in a timely

4

manner.  Moreover, it seems to be a reasonably good faith belief that a reexamination by the
Patent Office of the '459 patent could simplify the issues to be litigated in this matter and,
thereby, facilitate any eventual trial of the case.  Finally, the Court has given careful
consideration to the claims of Mosaic and Cargill that a stay will unduly prejudice them and/or
present them with tactical disadvantage.  While these arguments are not frivolous, the Court
concludes that they do not outweigh the benefits of a stay under these facts and in light of
Congressional intent.  *Compare Inteplast Group, LTD v. Coroplast, Inc.*, 2009 WL 1774313, op.
at *1 (E.D. Mo. Jun. 23, 2009) ("[The Congressional] sponsors of the patent reexamination
legislation favored stays by district courts pending reexamination in order to settle disputes more
quickly at a lower cost, and to provide courts with the benefits of the [Patent Office's]
experience.").

## B.  Motion to bar plaintiffs' counsel

In response to the efforts of the plaintiffs to obtain a reexamination of the '459 patent,
Mosaic and Cargill have filed with the Court a motion seeking a protective order[7] from this
Court barring the plaintiffs' counsel herein from participating in the reexamination proceedings
before the Patent Office.

When necessary, federal courts in patent litigation may include prosecution bars in
protective orders because they recognize that "there may be circumstances in which even the
most rigorous efforts of the recipient of [sensitive] information to preserve confidentiality in
compliance . . . with a protective order may not prevent inadvertent compromise." *In re Deutsche
Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010).  In appropriate circumstances, a

---

[7]   A prior protective order entered by the Court in this litigation did not seek to and does not address any prosecution bar.

protective bar is viewed as a less drastic alternative to the disqualification of counsel or experts. When deciding whether to impose a prosecution bar, courts must balance the "one party's right to broad discovery and the other party's ability to protect its confidential materials from misuse by competitors." *Avocent Redmond Corp. v. Rose Electronics*, 242 F.R.D. 574, 577 (W.D. Wash. 2007) (*citing U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)). Ultimately, the decision to impose a patent prosecution bar is a matter governed by Federal Circuit law, and the party seeking to include it carries the burden of showing good cause for its inclusion. *Deutsche Bank*, 605 F.3d at 1378.

In *Deutsche Bank*, the Federal Circuit set forth the standards for imposing a prosecution bar in patent litigation that are applicable to the pending motion:

(1) Mosaic and Cargill must show that the prosecution bar is necessary in light of the risk presented by the disclosure of proprietary competitive information (*i.e.*, Mosaic and Cargill must present sufficient facts to demonstrate that SFP's counsel plays a "significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios");

(2) if a showing is made that SPF's counsel is a "competitive decisionmaker," Mosaic and Cargill then bear the burden of showing as a threshold matter that the proposed prosecution bar is reasonable in scope[8]

---

[8] This inquiry measures whether (1) the information designed to trigger the bar, (2) the scope of activities prohibited by the bar, (3) the duration of the bar, and (4) the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information. *Deutsche Bank*, 605 F.3d at 1381. If a defendant meets this threshold requirement, the court must then weigh the risk of inadvertent disclosure by individuals involved in competitive decisionmaking against the potential injury to the party deprived of its counsel of choice. *Id*.

*Deutsche Bank*, 605 F.3d at 1379-81. If Mosaic and Cargill can establish this *prima facie* need for a prosecution bar, the burden then shifts to SFP to prove an exemption. To establish this, SFP would need to show on a counsel-by-counsel basis: (1) that counsel's representation of it in matters before the Office does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to SFP from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to Mosaic and Cargill caused by such inadvertent use. *Id*. at 1381.

In this case, SFP also argues that Mosaic and Cargill have waived their right to seek a prosecution bar and/or have improperly delayed asserting the issues. The Court does not reach these particular arguments. Nor does the Court necessarily engage in a step-by-step detailed *Deutsche Bank* analysis. Instead, the Court will focus on the second *Deutsche Bank* factor – whether the prosecution bar proposed by Mosaic and Cargill is reasonable in scope. If the bar is not reasonable, then the request may be denied without delving into the other factors.

To resolve the scope question in this case, it is necessary to consider the parameters of Patent Office reexamination. As the name suggests, "[p]atent reexaminations . . . are invoked to challenge a [Patent Office] patent grant . . . . [T]hey are exclusively a 'post-grant' procedure, distinguishable from prosecution efforts on an initial patent application." *Pall Corporation v. Entegris, Inc.*, 655 F.Supp.2d 169, 173 (E.D.N.Y. 2008). While amendments may be allowed on reexamination:

> [Such amendments] must not enlarge the scope of a claim nor introduce new matter. Amended or new claims which broaden or enlarge the scope of a claim of the patent should be rejected under 35 U.S.C. 314(a).

MANUAL OF PATENT EXAMINING PROCEDURE § 2666.01. The restrictions placed on reexamination "both underscores the distinction between initial patent prosecution and reexamination, and effectively mitigates the potential to misuse [Patent Office] procedures to gain a collateral business or litigation advantage, thereby rendering a prosecution bar in the reexamination context largely unnecessary." *Pall Corporation*, 655 F.Supp.2d at 173.

As recently noted in *Ameranth, Inc. v. Pizza Hut, Inc.*, 2012 WL 528248, slip op. (S.D. Cal. Feb. 17, 2012):

> The *Pall Corporation* court is not unique in its reasoning, as a review of cases directly discussing a prosecution bar applied to reexamination finds near unanimous support against extending the bar to cover reexamination.

*Id*., op. at *6. *See also NeXedge, LLC v. Freescale Semiconductor, Inc.*, — F,Supp.2d —,—, 2011 WL 5007835, op. at *2 (D. Ariz. 2011) ("the concern about disadvantageous use of that information is reduced to a significant degree by the nature of reexaminations"); *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184-85 (D. Del.2010) (holding the risk of inadvertent or competitive use of defendants' confidential information on reexamination is outweighed by the potential harm in denying plaintiff the full benefit of its trial counsel in reexamination); *Vasudevan Software, Inc. v. International Business Machines Corp.*, 2010 WL 3629830, op. at *3-4 (N.D. Cal. 2010) (noting that access to other party's confidential information is not valuable on reexamination due to the limited nature of reexamination). In general, then, these and other similar cases have routinely concluded that "[b]ecause reexamination involves only the patent and the prior art, [a] defendant's confidential information is 'basically irrelevant to the reexamination.'" *Kenexa Brassring Inc. v. Talaeo Corp.*, 2009 WL 393782, at *2 (D. Del. 2009). as such, the Court finds the harm to SFP in denying its choice of counsel outweighs any prejudice to Mosaic and Cargill.

8

For the foregoing reasons, the Court hereby grants PLAINTIFFS' MOTION TO STAY LITIGATION PENDING REEXAMINATION OF THE PATENT-IN-SUIT [Doc. 104].  In addition, the Court denies MOSAIC'S MOTION TO BAR PLAINTIFFS' LITIGATION COUNSEL FROM CONDUCTING THE SIMULTANEOUS REEXAMINATION OF THE PATENT-IN-SUIT [Doc. 115].  The parties are directed to notify the Court seasonably when the reexamination proceedings before the United States Patent and Trademark Office are concluded.

IT IS SO ORDERED.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**