# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **JOHN LARRY SANDERS,** *et al.*, ) | |
| ) | |
| Plaintiffs/Counterclaim Defendants, ) | |
| ) | |
| v. ) | Case No. 09-00016-CV-W-JTM |
| ) | |
| **THE MOSAIC COMPANY,** *et al.*, ) | |
| ) | |
| Defendants/Counterclaimants. ) | |

## ORDER

On January 9, 2009, plaintiffs John Larry Sanders and Specialty Fertilizer Products, L.L.C. (collectively referenced as "SFP") filed the above-captioned case against defendants The Mosaic Company, Cargill, Inc., and Cargill Fertilizer, Inc. (collectively referenced as "Mosaic") alleging that Mosaic was infringing on United States Patent No. 6,210,459 (the "459 Patent"), entitled "Soil Nutrient Compositions and Methods of Using Same" – a patent owned by SFP. The Court will dispense with a lengthy recounting of the prior proceedings in this case (which included an appeal to the Eighth Circuit). Instead, for purposes of the present order, the Court will simply note that on July 22, 2011, SFP moved the Court to stay this litigation [Doc. 104]. Therein, SFP noted that it had "recently filed a request for an *ex parte* reexamination asking the United States Patent and Trademark Office ("the Patent Office") to reexamine the patentability of each claim asserted in this lawsuit of [the '459 Patent]." SFP also noted that Shell Oil Company ("Shell") – a non-party to this litigation – had filed for *inter partes* reexamination by the Patent Office of the '459 Patent. Based on these facts, SFP argued:

> This case is still relatively early in pre-trial proceedings due to the parties' prior focus on claim construction and the over one year hiatus while the Court's final judgment of non-infringement was appealed. SFP now asks the Court to stay the litigation while the experts at the Patent Office determine what effect, if any, the Defendants' and Shell's cited prior art have on each of the asserted patent claims. There is a liberal policy favoring staying a lawsuit because of the potential judicial savings to the Court and the parties as a result of the Patent Office review of the asserted claims in light of the allegedly invalidating prior art. By issuing a stay, the Court and the parties may save significant expenses that would otherwise be imposed by further litigation. Moreover, awaiting the Patent Office's learned determination on the numerous prior art references and invalidity contentions advanced by Defendants and Shell will substantially simplify the issues for trial. Thus, the clear advantages flowing from reexamination militate in favor of staying this action.

On October 27, 2012, the Court entered an order staying the litigation.

Presently pending before the Court is SFP's motion to lift the stay [Doc. 141]. According to SFP, following reexamination by the Patent Office, "certain claims of the original patent-in-suit were canceled, disclaimed, and amended, and new claims were added." As a result, SFP prepared a proposed Amended Complaint reflecting the "new" '459 Patent. Mosaic opposes the request to have the stay lifted. Mosaic notes that Shell has now filed a second request for *inter partes* reexamination by the Patent Office of the '459 Patent. Moreover, on November 8, 2012, the Patent Office <u>granted</u> Shell's request for reexamination of the '459 Patent.

The Court appreciates that <u>now</u> SFP wishes to move this case along in federal court. However, the Court finds the arguments asserted by SFP in initially requesting a stay continue to be persuasive in continuing the stay while Shell's *inter partes* reexamination is being considered by the Patent Office. The motion to lift the stay [Doc. 141] is **DENIED**.

                                                   */s/ John T. Maughmer*
                                                    **John T. Maughmer**
                                   **United States Magistrate Judge**